STATE OF FLORIDA ex rel. DAVIS, Attorney General, vs. FRED BOTTS.

Opinion filed April 28, 1931.

*Cary D. Landis*, Attorney General, *Carl T. Hoffman* and *Loftin, Stokes & Calkins*, for Relator;

*N. R. Field*, for Respondent.

JOHNSON, Circuit Judge:

The Attorney General of the State of Florida, on behalf of the State, has filed information in this Court in which he ''gives the Court to understand and be informed that

Fred Botts, Esq., is usurping the office of assistant County Solicitor of the Criminal Court of Record of Dade County, Florida, pretending to do so under authority of a commission issued to him by the Governor of Florida, appointing him to hold said office "during the pleasure of the Governor", under the pretended authority of Section 8249 of the Compiled General Laws of Florida, 1927. (Section 1 Chapter 10085, Acts of 1925, as amended by Chapter 11815, Acts 1927). Said information further giving the Court to here understand and be informed that the pretended appointment of the said Fred Botts to the said office of Assistant County Solicitor of the Criminal Court of Record of Dade County, Florida, to "hold during the pleasure of the Governor", violates the Constitution of the State of Florida, and is null and void, and that the said Fred Botts usurps said office without lawful authority, and to the prejudice and wrong of the people of the State of Florida.

The respondent, Fred Botts, files a general demurrer to the information; he also files an answer, and a motion for compulsory amendment to strike from said information certain unnecessary matter.

The general demurrer puts in issue the questions of law to be determined in this case. The answer and motion to strike being directed to unnecessary matter contained in the information, can all be treated as surplusage.

The information filed by the Attorney General raised two questions of law to be determined by this Court;

First, Does the statute attacked, Section 8249 of the Compiled General Laws of Florida, 1927, same being Section 1 of Chapter 10085, Acts of 1925, as amended by Section 1 of Chapter 11815, Acts of 1927, create a public office, the incumbent of which is a public officer, and

Second, Does the term or tenure of such office violate

the provisions of Section 7 of Article 16 of the Constitution of the State of Florida?

Section 7 of Article 16 of the Constitution reads:

"The Legislature shall not create any office, the term of which shall be longer than four years."

By analogy, this Court, in the case of STATE OF FLORIDA ex rel. West v. Butler, 70 Fla. 102 holding that there could be only one Circuit Judge in a judicial circuit, at that time, there can be only one County Solicitor in a county where a Criminal Court of Record has been established.

Section 8241 of the Compiled General Laws of Florida, 1927, Section 9 of Chapter 3731, Acts 1887, provides that the prosecuting attorney of the criminal court of record shall be called the county solicitor.

Section 27 of Article Five of the Constitution provides:

"There shall be for each of said Courts (meaning Criminal Courts of Record) a prosecuting attorney, who shall be appointed by the Governor and confirmed by the Senate, and who shall hold office for four years."

Under this provision of the Constitution there can be only one prosecuting attorney, county solicitor, of a criminal court of record; one officer held responsible for a proper discharge of the duties of the office; one officer held liable, or responsible, for misconduct in the discharge of the duties of the office.

It is recognized that by reason of the volume of business and the exigencies of the occasion a county solicitor might need assistants. This court, in the case of SEGARS V. STATE, 94 Fla. 1128, holds:

"This does not necessarily mean that the Legislature could not provide for the appointment of assistants to the county solicitor in the performance of his work, in

the investigation and prosecution of cases in his court, etc., and provide for the payment of their compensation; but the county solicitor is the responsible officer by whose authority and under whose supervision his assistants must discharge their duties, and he it is in whose name the informations should run,....."

Chapter 10267, Acts of 1925; Section 4758 Compiled General Laws of Florida, 1927, provides for the appointment by the Governor of an assistant State Attorney in certain circuits. This act also provides: "and said assistant State attorneys are hereby vested with all the powers and shall discharge all the duties of the State attorney under his direction. The term of office of said assistant State attorneys shall expire with that of the State attorney.

Chapter 11830, Acts of 1927; Section 4759 Compiled General Laws of Florida, 1927, provides that the Governor, upon the recommendation of the State Attorney, shall appoint an assistant State attorney in certain judicial circuits. This act further provides: "The assistant State attorney so appointed shall be vested with all the powers and discharge all the duties of the State attorney under his direction and supervision. The term of office of such assistant State attorney shall expire with that of the State attorney of such circuit."

Under both of the Acts last above cited the office of assistant State attorney is created. The incumbents are charged with performing public official duties prescribed by law. The office and duties remain, though the incumbent dies or is changed.

The provisions of the two Acts last above cited are entirely different from the provisions of Chapter 10292, Acts of 1925; Section 8253 Compiled General Laws of Florida; where it provides:

"In all counties having a population of eighty thousand or more according to the Federal census of 1920 or any Federal census subsequent thereto, the county solicitor of the criminal court of record therein MAY appoint not to exceed two assistants to such solicitor, and such assistants, when so appointed, shall hold during the pleasure of the county solicitor,''

Under this last act cited the office is not continuing. It is left optional with the county solicitor as to whether the appointments shall be made. It appears to be the clear intention of the act that the volume of business and the exigencies of the occasion would control such appointments. The term of the appointment, or employment, would terminate at the will of the county solicitor, or, upon the expiration of the county solicitor's term of office.

In the case of the STATE OF FLORIDA, ex rel. Clyatt v. Hocker, Judge, 39 Fla. 477, this Court clearly and definitely states what it takes to constitute an office. In that case the Court said:

"The various definitions and essential elements of the term "office", as given in the cases cited, and others, is very aptly and correctly summarized as follows: The term "office" implies a delegation of a portion of the sovereign power to, and possession of, it by the person filling the office, a public office being an agency of the State, and the person whose duty it is to perform the agency being a public officer. The term embraces the idea of tenure, duration, emolument and duties, and has respect to a permanent public trust to be exercised in behalf of the government, and not to a merely transient, occasional or incidental employment. A person in the service of the government who derives his position from a duly and legally authorized election or appointment, whose duties are continuous in their nature and defined by rules prescribed by government, and

not by contract, consisting of the exercise of import-. ant public powers, trusts ·or ·duties, as a part of the regular administration of the government, THE PLACE AND THE DUTIES REMAINING, (Emphasis ours) though the incumbent dies or is changed, every office in the constitutional meaning of the term implying an authority to exercise some portion of the sovereign power, either in making, executing or administering the laws.''

The Statute attacked in this case, Section 1 of Chapter 11815, Acts of 1927; being Section 8249 of the Compiled General Laws of Florida, provides:

''That in all counties having a population of not less than One Hundred Thousand (100,000) and not more than One Hundred and Twenty Thousand (120,000) according to the last State census, the Governor of the State of Florida *shall* appoint four (4) duly qualified citizens of this State to serve as assistant county solicitors, who shall hold during the pleasure of the Governor.''

This statute is objectional for a number of reasons:

First. It creates containing offices without defining or fixing the terms of the officers who are to discharge the duties of the offices created. The statute doesn't make it optional with the Governor as to whether he shall make the appointments or not. As the office of Governor is a continuing office the tenure of office of an appointee under this statute might be for one month or for forty years.

Second. The assistant county solicitors appointed under this statute are not placed under the direction and supervision of the county solicitor.

Third. They are independent and are not answerable to the county solicitor for their official actions and conduct; neither could the county solicitor be held responsi-

ble for their official action, or their misconduct, unless in the given instance they might be acting under his express orders.

The Court holds that 'the office of Assistant County Solicitor, as provided for by Section 1 of Chapter 11815, Acts 1927; Section 8249 Compiled General Laws of Florida, 1927, is a public office, and that the appointees under the provisions of said act are public officers whose duties are prescribed by law.

The Court further holds that the said office is a continuing office, and that the said act, by leaving the tenure of said office indeterminate, not fixing a constitutional term, violates the inhibitions of Section 7 of Article Sixteen of the Constitution of Florida. That the said Act is unconstitutional and void.

The demurrer to the information is overruled.

WHITFIELD, ELLIS AND TERRELL, J.J., concur.

BUFORD, C.J., concurs specially.

BROWN AND DAVIS, J.J., disqualified.

BUFORD, C.J., concurs specially:

I concur in what has been said in the opinion written for this Court by Honorable J. B. Johnson, Circuit Judge. I think, however, that the statute here under consideration, Sec. 1 of Chapter 11815 Acts of 1927, Sec. 8249 C.G.L., is in conflict with Sec. 27 of Article V of the Constitution of Florida, on authority of opinions in cases of Stone vs. State, 71 Fla. 514, 71 Sou. 634; Segars vs. State, 94 Fla. 1128, 115 Sou. 537, and State ex rel. West vs. Butler, 70 Fla. 102, 69 Sou. 771.

The performance of the duties of the office of County Solicitor requires the exercise of judgment and discretion. The right and power to have witnesses brought before him under process of the court and to examine such witnesses

under oath and to exercise sovereignty in the determination as to whether or not evidence adduced from such witnesses is sufficient to show that some person, or persons, have violated the criminal laws of the State. The County Solicitor exercises within his jurisdictional sphere the power of a grand jury to hear, consider and weigh testimony and to determine whether or not a citizen shall be prosecuted at public expense. The Constitution limits the appointive power to *a* prosecuting attorney, meaning *one* prosecuting attorney for each of the Criminal Courts of Record established in this State.

This does not mean that the County Solicitor or Prosecuting Attorney for the Criminal Court of Record may not be authorized to employ assistants, but I think that it does mean that such assistants if appointed shall not be vested with that attribute of sovereignty which would authorize them to exercise their individual judgment and discretion in determining whether or not evidence is sufficient to warrant the filing of an information charging a criminal offense.

The County Solicitor or Prosecuting Attorney for the Criminal Court of Record is no more authorized to file an information upon testimony and evidence sworn to before some other person and which was not heard by him nor submitted to him than is a grand jury to return an indictment without having heard any evidence or had any facts presented under oath to such body.

It is evident that by the enactment here under consideration the legislature intended and attempted to create four additional county solicitors in such counties as came within the purview of the act and that these four additional county solicitors should perform the functions of the office of county solicitor without being answerable to, nor

under the direction of, the county solicitor whose appointment is provided for by section 27 of Article V of the constitution.

For these additional reasons, the demurrer to the information should be overruled.

ADAMS, Circuit Judge, Concurring:

The right and authority of Hon. Fred Botts to act as Assistant County Solicitor of the Criminal Court of Dade County, is questioned in these proceedings. Mr. Botts was appointed to this office by the Governor under the provisions of Section 1, of Chapter 11815, Acts of 1927, which is as follows:

"That in all counties having a population of not less than One Hundred Thousand (100,000) and not more than One Hundred and Twenty Thousand (120,000) according to the last State census, the Governor of the State of Florida, shall appoint four (4) duly qualified citizens of the State to serve as Assistant County Solicitors, who shall hold during the pleasure of the Governor."

The constitutionality of this section is directly presented in these proceedings, and therefore the provisions thereof must be measured by the yardstick of the constitutional requirements relating thereto.

Section 7, of Article 16 of the Constitution provides that the Legislature shall not create any office with a term longer than four years. Assistant County Solicitor is an office, and the holder thereof is an officer.

"The term "office" implies a delegation of a portion of the sovereign power to and possession of it by the person filling the office, and a public office is an agency for the State, and the person whose duty it is to perform the agency is a public officer." State vs. Jones, 84 So. 84.

It is a matter of common knowledge that an Assistant

County Solicitor of a Criminal Court is clothed with an important portion of the sovereign power of the State in the performance of duties incident to the administration of such office. The Constitution enjoins the Legislature from creating any office with a term longer than four years, but by the provisions of the section in question, the tenure of such officer is indefinite and uncertain and continues or terminates at the "pleasure of the Governor."

Section 27, of Article 3 of the Constitution, provides that the Legislature shall provide for the appointment or election of all officers not provided for in the Constitution, and "fix by law their duties and compensation." Chapter 11815, does not fix the duties of the officers to be appointed under its provisions.

Section 15, of Article 4 of the Constitution provides in substance, that all officers not liable to impeachment may be suspended by the Governor and his action in that connection reported to the Senate, and by and with the consent of the Senate he may remove such officers for any of the causes enumerated therein. Under the provisions of the statute involved here, Mr. Botts could be removed at the pleasure of the Governor, and with or without cause, and without the consent of the Senate, and without any compliance whatever with the requirements of Section 15 of Article 4.

In Advisory Opinion to the Governor, 80 So. 17, there is, apparently, a holding by this Court to the effect that the Governor was not required to report to the Senate the suspension or removal of convict inspectors appointed "subject to the will of the Governor" as provided by the statute then in question. But it is clear that in that instance the Court only interpreted the meaning and intent of the statute as it was enacted, and its constitutional

validity was not involved or considered. It is well established in this State that where a Court can dispose of any given case before it without passing upon the constitutionality of an involved statute, that it will do so. State vs. Parker, 49 So. 124. State vs. Louisville & Nashville Ry. Co., 40 So. 885, Van Pelt, Sheriff vs. Hilliard, 78 So. 693.

·In the case now before us the constitutional validity of Chapter 11815, Acts of 1927, is directly presented and must be adjudicated. I think the statute in question here is clearly in conflict with the above mentioned provisions of our Constitution, and that the information in quo warranto is well founded, and that the demurrer of the Respondent thereto should be overruled. I therefore concur in the opinion of Judge Johnson overruling the demurrer.