STATE OF FLORIDA, *ex rel.* CARY D. LANDIS, Attorney General, F. W. POPE and T. E. FITZGERALD *Co-Relators*, vs. RALPH U. GREEN, DON P. SHOCKNEY, A. BAILEY CLARK,

HENRY W. HAYNES, and W. F. MORRIS, *Defendants.*
144 So. 681.
En Banc.
Opinion filed November 30, 1932.

*Cary D. Landis,* Attorney General, *F. W. Pope* and *T. E. Fitzgerald,* for Relators;

*Hull, Landis & Whitehair, Horace D. Riegle, B. F. Brass, John R. Parkinson, W. J. Gardiner,* and *W. W. Judge,* for Respondents;

*Thomson, Wood & Hoffman* of New York, as amici curiae.

TERRELL, J.—This proceeding in quo warranto was brought by the Attorney General to ascertain by what right or authority the Respondents hold and exercise the duties, privileges and prerogatives of the Board of Commissioners of Halifax Hospital District. Respondents demurred to and entered their separate and several answers

to the information and Relators demurred to and moved to strike portions of the answer of the Respondents.

These pleadings raise the following questions: (1) Does the Information state a cause of action, (2) Does the joinder of F. W. Pope and T. E. Fitzgerald as Co-relators, render the information fatally defective, and (3) Is the tenure of office provided by section two of chapter 11272 Acts of 1925—creating Halifax Hospital District violative of section seven of article Sixteen of the Constitution of Florida?

The answer to question three is determinative of question one, so we answer that question (three) first. Chapter 11272 Acts of 1925 clothes the Commissioners of Halifax Hospital District with such executive, administrative and discretionary duties as to make them officers under the law of this State. No infirmity in the creation of this District has been pointed out, the assault on the Act being directed solely to the tenure of office of the Commissioners.

Section seven of Article sixteen of the Constitution inhibits the Legislature from creating any office, the term of which shall be longer than four years. Section two of Chapter 11272 Acts of 1925 in effect divides Halifax Hospital District into four Sub-Districts and provides for one Commissioner in each Sub-District except Sub-District Four which is allotted two Commissioners. It is further provided that the first Board of Commissioners shall be appointed by the Governor, the commissioners representing Sub-District one and three to be named for a term of four years, and the Commissioners representing Sub-District two and four to be named for a term of six years, all Commissioners in each instance to hold until their successors are appointed and qualified. At the expiration of these terms all Commissioners shall be appointed by the Governor for terms of six years

Said (Commissioners being officers of the District, all

provisions in the Act for their appointment for terms of six years must be held to be violative of Section seven of Article sixteen of the Constitution, mandatorily requiring that no office be created for a longer term than four years.) But (in view of Section Twenty and Section Twenty-one relative to the interpretation and the elimination of any unconstitutional parts of the Act, we think all provisions relative to six-year terms and appointments may be regarded as eliminated and the Act held valid as providing the appointment of all Commissioners for terms of four years.)

It is well settled that statutes may contain constitutional and unconstitutional provisions in the same section or sections that are distinct and may be severable. The test is whether or not the constitutional and unconstitutional provisions are inseparably connected. If the unconstitutional part can be stricken out and leave the constitutional part complete so that it can be executed according to the apparent Legislative intent, independent of the part rejected, it should be allowed to stand. Generally if the statute is designed to accomplish a single purpose and is invalid in part, it is invalid in toto, unless the valid portion is sufficient to accomplish the Legislative purpose, without the aid of the invalid part. If it attempts to accomplish two or more objects and is void as to one it may still be valid as to the others. Harper vs. Galloway, 58 Fla. 255, 51 So. 226, Cooley Constitutional Limitations 211, Sinking Fund Commissioners vs. George 104 Ky. 260, 47 S. W. 779, 46 Corpus Juris 965. This holding is not in conflict with State ex rel. Swearingen vs. Jones, when Chapter 7921 Acts of 1919 was declared invalid because it created state officers and did not provide for their election by the people or appointment by the Governor as the Constitution directs.

The sole purpose of Section two of Chapter 11272 Acts of 1925 is to subdistrict Halifax Hospital District and to pro-

vide for the terms and appointment of the Commissioners of said District. No other part of the Act is challenged, the relators lay no claim to the office brought in question, it is not alleged that the Commissioners are attempting to do anything illegal, that the district is illegally organized, or that any one has been or is about to be injured thereby. The invalid portion may under such circumstances, be stricken and leave a workable, complete act and its very terms disclose a Legislative intent that this be done if the remaining part be valid and enforceable.

We therefore conclude that so much of Section two Chapter 11272 Acts of 1925, as provides for the term and appointment of Commissioners for Halifax Hospital District for six years is invalid and may be eliminated, but that such appointments may be validly made for terms of four years as contemplated by Section Seven of Article Sixteen of the Constitution. Sinking Fund Commissioners vs. George, 104 Ky. 260, 47 S. W. 779. Garrett vs. Commissioners of Limestone County (Texas), 230 S. W. 1010; Columbia Inv. Co. vs. Longbranch and Lakeside Special Road and Bridge District, 281 Fed. 342; People ex rel. Davidson vs. Perry, 79 Cal. 105, 21 Pac. 423; State ex rel. Lamar vs. Dillon, 42 Fla. 95, 28 So. 781. In this holding we are not unmindful of the contrary rule prescribed in Indianapolis Brewing Co. vs. Claypool, 149 Ind. 193, 48 N. E. 228, but we think the rule here approved is supported by the better reason.

On the question of whether or not the information states a cause of action, it is enough to say that where the Attorney General challenges the right to office it is only necessary to allege generally that the occupant holds without lawful authority, but if the information sets up the facts on which the usurpation is predicated and such facts show a legal right in respondent, the information will be

adjudged insufficient. Town of Enterprise vs. State, 29 Fla. 128, 10 So. 740.

In the instant case the information pleads Section two of Chapter 11272, Acts of 1925, in bar of Respondents' right to hold and exercise the duties and franchises imposed in them as commissioners of Halifax Hospital District. Relying solely on this Statute and its validity not having been successfully assailed, it follows that the information fails to state a cause of action, so the writ of quo warranto must be and is hereby quashed.

It is so ordered.

BUFORD, C.J. AND WHITFIELD, BROWN AND DAVIS, J.J., concur.

ELLIS, J., dissents.

ELLIS, J., dissenting.—Chapter 11272 Laws of 1925 is a special act of the Legislature by which a special tax district in Volusia County is sought to be created.

In this proceeding the State of Florida through the office of the Attorney General attacks the validity of the act upon the ground that the governing board of the special tax district, which is to consist of five members and in whom is vested the powers of a body corporate, to contract and be contracted with, sue and be sued, acquire, hold and convey real and personal property, and to borrow money and issue notes and bonds and other evidences of indebtedness which become an obligation of the district requiring the levy and collection of a public tax upon the properties within the district to discharge, cannot lawfully exist because the act provides that the terms of office of the members of the board shall be six years, which is in violation of the provisions of Section 7 Article XVI of the Constitution which prohibits the Legislature from creating any office the terms of which shall be longer than four years.

The majority opinion concedes that the "Commissioners being officers of the District, all provisions in the Act for

their appointment for terms of six years must be held to be violative of Section seven of Article Sixteen of the Constitution, mandatorily requiring that no office be created for a longer term than four years.''

The Legislature attempted by the act in question to create five offices the terms of office of which should be six years each. The five officers were to constitute the governing body of the district and in the governing body the powers mentioned were to be vested. Two of the Commissioners from Sub-Districts 1 and 3 should, under the terms of the Act hold office for four years and their successors should be appointed for six years, but the commissioners from sub-ditricts 2 and 4, three in number, should hold office for a term of six years and their successors should be appointed for a term of six years.

Now if ''all provisions in the Act'' for the appointment of Commissioners ''for terms of six years must be held to be violative'' of the Constitution there remains in the act only those provisions for the appointment of the two Commissioners from Sub-districts 1 and 3 for four years after which no provision remains for the appointment of their successors because the provisions for the appointment of their successors require six-year terms for them, while no provision is left for the appointment for any length of time of either one of the remaining three commissioners originally or for the appointment of their successors.

Assuming that two of the Commissioners, those to be appointed from sub-districts 1 and 3, may hold office on the original appointment for four years, the two offices thus created for that period would not under the act constitute the governing body of the district nor even a quorum of that body and as the attempt to create three more officers, with terms of office of six years from the very beginning, was void as in violation of the Constitution it

follows that the governing body of the District could not be created.

For such a defect in Chapter 7921 Laws 1919 this Court declared the whole act to be unconstitutional and void. See State ex rel. Swearingen v. Jones, 79 Fla. 56, 84 South. Rep. 84.

The majority opinion declares however that in ''view of Section Twenty and Section Twenty-one relative to the interpretation and the elimination of any unconstitutional parts of the Act, we think all provisions relative to six-year terms and appointments may be regarded as eliminated and the Act held valid as providing the appointment of all Commissioners for terms of four years.'' Even if the Legislature has the power to authorize the court to write into an act words that would cure unconstitutional and void clauses and sections of an act, Chapter 11272, *supra,* makes no such amazing attempt to so delegate legislative power.

Section 20 merely provides that the provisions of the act be liberally construed if and when necessary, while Section 21 merely provides that when any clause or section of the act may be declared invalid for any reason such invalid clause or section may be eliminated and the *remaining* portion or portions thereof shall be and remain in full force and be valid as if such invalid clause or section had not been incorporated therein.

The inhibition which the Constitution places upon the Legislature is in the matter of the *creation* of offices. Offices must not be created the terms of office of which shall be more than four years. By the act in question the Legislature attempted to create offices with terms of office longer than four years. Such attempt was void and must be eliminated from the act. When eliminated there is no remaining portion thereof as to Commissioners for the District left to be in full force and valid.

The interpolation of words in the act to supply the unconstitutional and consequently void portions of the act is not justified either by the terms of the act or any judicial authority and such interpolation of saving words is in direct conflict with the decision of this Court in Swearingen v. Jones, *supra*.

Harper v. Galloway, 58 Fla. 255, 51 South. Rep. 226; Cooley's Constitutional Limitations, 7th Ed., 211, and Sinking Fund Commissioners v. George, 104 Ky. 260, 47 S. W. Rep. 779, do not uphold such doctrine. The constitutional provisions upon the subject are essentially different from the provision of the Constitution of this State. Those authorities may support the very generally accepted doctrine that where an act of the legislature may still be workable and carry out the purpose of the Legislature, notwithstanding one or more unconstitutional and void clauses, such clauses may be ignored and the remaining valid portions of the act remain in force, but no authority exists, under our form of government, in the courts to substitute sections, clauses or portions of their own phraseology that would be valid for sections, clauses and portions declared by the court to be unconstitutional and void.

I think the demurrer to the information should be overruled and Relator's demurrer to the answer should be sustained.