STATE, *ex rel.* BENJAMIN AXELROAD, v. J. M. LEE, as State Comptroller.

181 So. 9.

Division A.

Opinion Filed May 4, 1938.

*Benjamin Axleroad* and *C. N. Ashmore,* for Relator;

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *W. P. Allen,* Assistant Attorneys General, for Respondent.

TERRELL, J.—Relator was, on August 4, 1936, appointed Executive Secretary of the Everglades National Park Commission by the Governor pursuant to the provisions of Chapter 16996, Acts of 1935. He entered at once on the discharge of his duties both as secretary and attorney for the commission. He was paid the compensation allowed him by law up to May, 1937, and was given a warrant by the Comptroller for May and June of the latter year.

Early in July, 1937, the Comptroller by order of the Governor stopped payment of all claims from the funds appropriated to the use of the Everglades National Park Commission, including Relator's salary. On petition of Relator, reciting these and other facts, alternative writ of mandamus was issued by the Court directed to J. M. Lee, as Comptroller, commanding him to draw his warrant on the State Treasurer in payment of Relator's claim for salary for the months of July, August, September, October, November, and December, 1937, at the rate of $2,500.00 per annum or show cause why he refuses to do so. The cause is here for disposition on the motion of Respondent to quash the alternative writ.

We consider first the question of whether or not Relator holds an office under the Constitution for which he is entitled to claim compensation, there being no limitation of term fixed for his appointment by Chapter 16996, Acts of 1935, under which he was appointed.

The argument on this question assumes that Relator holds an office rather than a position or employment. There is a material difference in the one from the other. Section Seven of Article Sixteen of the Constitution provides that

the Legislature shall not create any office, the term of which shall be longer than four years. If Relator holds a position or employment, the provisions of the Constitution are not material, but if he holds an office, it cannot be created for a term longer than four years.

Chapter 16996, Acts of 1935, provides that the Governor shall appoint the Executive Secretary of the Everglades National Park Commission and fix his compensation at not to exceed $2,500.00 per annum. There is no reference in the Act to the term of his appointment, but all the members of the Commission are appointed for terms of four years. If Relator is an employee, his term could be construed to run at the pleasure of the Governor, Section Seven of Article Sixteen of the Constitution, having no application to it. We find no duties prescribed by Chapter 16996, Acts of, 1935, that would have the effect of constituting Relator an officer, but if there were such, the term of his appointment would not be material. The Act being silent on this point, under the opinion of this Court in State, *ex rel.* Landis, *et al.,* v. Green, *et al.,* 107 Fla. 335, 144 So. 681, we would hold his appointment good for a term of four years. Whether he holds an office or a position is not material here. It is shown that he was regularly appointed August 4, 1936, has not been removed and has discharged the services he was expected to perform.

The next question presented is whether or not the alternative writ shows a clear ministerial duty on the Comptroller to draw his warrant for the sums claimed as compensation for services performed on the part of Relator.

It is shown that Relator was appointed Executive Secretary of the Everglades National Park Commission pursuant to Chapter 16996, Acts of 1935, and that by Chapter 17903, Acts of 1937, the Legislature appropriated $87,-760.00 for the current expenses of the Commission, among

which was relator's salary, that he was duly appointed by the Governor and his compensation fixed at $2,500.00 per annum as said Act provides, that he has performed the services required of him for the time claimed and that the account for his services has been audited and approved by the Executive Chairman of the Commission as the law requires.

The accuracy or legality of Relator's claim is not challenged. The only defense the Comptroller, as Respondent, offers for refusal to draw his warrant for the amounts claimed is a stop order directed to him by the Governor commanding him not to pay the salary of Relator or to disburse any other funds from the appropriation for the Everglades National Park Commission and that the Governor had withheld his counter-signature to the warrants for such compensation as is required by Section Twenty-four of Article Four of the Constitution.

Section Twenty-four of Article Four of the Constitution provides that the State Treasurer shall receive and keep all funds, bonds, and other securities in such manner as may be prescribed by law, and shall disburse no funds nor issue bonds, or other securities, except upon order of the Comptroller, countersigned by the Governor, in such manner as shall be prescribed by law.

Section Two of Chapter 17903, Acts of 1937, under which Relator claims his compensation, provides that all accounts, claims, and bills of any nature against the Everglades National Park Commission shall be examined by the Executive Chairman of the Commission and if found correct, shall be approved and delivered to the Comptroller, who shall draw his warrant on the State Treasurer against the funds appropriated by the Legislature to pay such accounts, bills, or claims, which have been authorized and approved as directed.

The alternative writ alleges that these provisions have been complied with and the motion to quash admits that they have. The duty imposed on the Comptroller is conclusively shown; it is clearly ministerial, and no legal reason is shown for his failure to comply.

The motion to quash the alternative writ is overruled.

ELLIS, C. J., and BUFORD, J. concur.

WHITFIELD, P. J., and BROWN, J., concur in the opinion and judgment.

CHAPMAN, J., not participating.