STATE, *ex rel.* BENJAMIN AXLEROAD, v. J. M. LEE, Comptroller

185 So. 735.

Opinion Filed January 13, 1939.

Benjamin Axleroad and C. N. Ashmore, for Relator;

Cary D. Landis, Attorney General, and H. E. Carter and W. P. Allen, Assistant Attorneys General, for Respondent.

WHITFIELD, J.—This court overruled a motion to quash an alternative writ of mandamus commanding the State Comptroller to "issue a warrant drawn on the State Treasurer" to pay the salary of the relator, who is a statutory officer of the State, State, *ex rel.* Axleroad, v. Lee, State Comptroller, 132 Fla. 512, 181 So. 9.

Subsequently a petition was presented by the same relator stating in effect that the State Comptroller had signed the warrant for relator's salary, but as the Governor declined to countersign the warrant, the State Treasurer will not pay the warrant. Petitioner asks that this court "di-

rect that a peremptory writ of mandamus issue requiring the respondent," State Comptroller, "to place upon the warrants which are now in the hands of your Petitioner the Governor's rubber stamp signature so that the State Treasurer may honor the same, and which will give unto your Petitioner the salary to which he is lawfully entitled."

This Court denied the petition, but subsequently granted a rehearing to consider authorities presented by the relator.

Section 24, Article IV, of the Constitution provides that: "The Treasurer * * * shall disburse no funds, * * * except upon the order of the Comptroller, countersigned by the Governor, in such manner as shall be prescribed by law."

Section 165 (135) C. G. L. is: "The Treasurer shall pay all warrants on the treasury drawn by the Comptroller and countersigned by the Governor, and no moneys shall be paid out of the treasury except on such warrant."

The above provisions of controlling law are mandatory and the courts have no power to require any money to be disbursed from the State Treasury except upon orders or warrants drawn by the Comptroller and countersigned by the Governor as commanded by the Constitution and statute above quoted. Neither has the court any power to require any one to countersign warrants by rubber stamp or otherwise for or in the name of the Governor. It is not an official duty of the Comptroller to countersign orders or warrants for or in the name of the Governor, for the disbursement of funds from the State Treasury.

The petition is denied.

TERRELL, C. J. and BROWN, BUFORD and CHAPMAN, J. J., concur.