**THE STATE OF FLORIDA, ex rel. J. TOM WATSON, as Attorney General of the State of Florida, v. SIDNEY H. HURLBERT.**

20 So. (2nd) 693                                January Term, 1945
February 2, 1945                                       En Banc

John E. Mathews, for relator.

Lester W. Jennings, for respondent.

SEBRING, J.:

The Attorney General of the State of Florida, on behalf of the State, has filed an information in this Court in which he gives the Court to understand and be informed that the respondent, Sidney H. Hurlbert, is usurping the office of county detective in and for Duval County, Florida, pretending to do so under and by virtue of a commission issued to him by the Governor of the State of Florida, appointing him to hold said office under the pretended authority of Chapter 12704, Laws of Florida, Special Acts of 1927, as amended by Chapter 15675, Laws of Florida, Special Acts of 1931. It is charged in the information that the Act under which the pretended appointment was made is unconstitutional and void in that the Act creates a public office, yet does not fix a definite term therefor. The prayer of the petition is that a writ do issue requiring the respondent to show by what warrant or authority he holds the said office and exercises the powers, right and duties appertaining thereto, as fixed and determined by the amended statute.

The case is now before us on application of the Attorney General for issuance of a writ in quo warranto. The respondent resists the issuance of the writ upon two grounds: (1) the amended statute under which the commission issued creates an employment, not an office. (2) If it be that an office, not an employment, is created, the fact that the statute does not fix a definite term for the office does not affect its constitutional validity.

Where an information in quo warranto is filed in the name of the State on the relation of the Attorney General it need ordinarily allege only that the person holding the office does so without lawful authority; and this will be deemed a

sufficient predicate for the issuance of a writ. Town of Enterprise v. State ex rel. Attorney General, 29 Fla. 128, 10 So. 740; State ex rel. Landis v. Green, 107 Fla. 335, 144 So. 681. But where the information goes further and sets out with particularity the facts upon which the alleged usurpation of office is predicated, and such facts show a legal right to the office in the respondent, the information will be adjudged insufficient and the writ will be denied. State ex rel. Landis v. Green, supra.

It is held by the decisions that the term "public office" implies a delegation of a portion of the sovereign power to, and possession of it by, the person filling the incumbency; while an "employment" does not comprehend a delegation of any part of the sovereign power, or authorize the exercise in the incumbent's own right, of any prescribed independent authority of a governmental nature. State ex rel. Clyatt v. Hocker, 39 Fla. 477, 22 So. 721, 63 Am. St. Rep. 174; State ex rel. Holoway v. Sheats, 78 Fla. 583, 83 So. 508. A "public office" embraces the idea of tenure, duration and duties in respect to a public trust to be exercised in behalf of government, and not to a merely occasional incidental employment. A public officer, says the court, "is a person in the service of the government who derives his position from a duly and legally authorized election or appointment, whose duties are continuous in their nature and defined by rules prescribed by government, and not by contract, consisting of the exercise of important public powers, trusts or duties as a part of the regular administration of the government, the place and the duties remaining, though the incumbent dies or is changed; every office in the constitutional meaning of the term implying an authority to exercise some portion of the sovereign power, either in making, executing or administering the laws." State ex rel. Davis v. Botts, 101 Fla. 361, 134 So. 219.

Chapter 12704, Laws of Florida, Special Acts 1927 as amended by Chapter 15675, Laws of Florida, Special Acts 1931, so far as material here, provides as follows:

"Section 1. The County Commissioners of Duval County, Florida, may employ one detective to be known and designated as county detective to assist the State Attorney in the

detection, prosecution and punishment of crimes committed in said county, which said county detective shall be appointed by the Governor.

"Section 2. The said county detective . . . shall perform . . . [his] duties . . . under the supervision and direction of the State attorney and . . . [he] shall assist the State attorney in securing evidence and in making investigation of fact relating to all matters within the jurisdiction of said State attorney in said county, and the said county detective . . . shall have the same powers of arrest and of summoning witnesses in behalf of the State in criminal cases, at the instance of the State attorney, as the sheriffs of the several counties of the State of Florida, but no fees for such services shall be allowed such county detective. . . ."

We are of opinion that the statute under which the respondent exercises the function and duties of county detective creates an office, not an employment. The statute vests in the county detective "the same powers of arrest and of summoning witnesses in behalf of the State in criminal cases . . . . as the sheriffs of the several counties of the State of Florida." That to perform such duties requires the exercises of an important sovereign power and reposes in the one exercising it an independent authority of a governmental nature, there can be no doubt. Such powers and duties as are conferred by the statute are continuing and permanent in their nature, not occasional or intermittent. The incumbent is appointed by the governor of the State of Florida; and though he should die, or some one else take his place, the place and the duties remain.

The statute having attempted the creation of an office, is the statute unconstitutonal and void for having failed to fix the duration of the term? We think not. It is always presumed that in the passage of legislation a constitutional result is intended. And such presumption will be indulged in to uphold the validity of a statute, if such may be done without doing complete violence to the language used by the law-making body. Section 7 of Article XVI of the Constitution of Florida provides "The Legislature shall not create any office, the term of which shall be longer than four years." The

statute before us does not fix the length of the term of office of the county detective of Duval County but is entirely silent on the matter. However, this omission will not defeat the statute, for it will be presumed that the Legislature passed the statute with the limitations of Section 7, Article XVI, supra, in mind, and the statute will be construed as though it provided for a term of four years. See State ex rel. Landis v. Green, 107 Fla. 335, 144 So. 681; State ex rel. Axelroad v. Lee, 132 Fla. 512, 181 So. 9. The case at bar may be distinguished from State ex rel. Davis v. Botts, 101 Fla. 361, 134 So. 219. The statute under consideration in that case provided that the public officer there involved "shall hold during the pleasure of the governor"; and it was there pointed out that "the tenure of office of an appointee under this statute might be for one month or for forty years." For such reason, among others, the act was held to be violative of Section 7 of Article XVI of the Constitution of Florida. We have no such situation in the case at bar.

From the contention that we have reached, it follows that issuance of the writ must be denied and that the quo warranto proceeding must be dismissed.

It is so ordered.

CHAPMAN, C. J., BROWN, BUFORD and THOMAS, JJ., concur.

TERRELL and ADAMS, JJ., dissent.

ADAMS, J., dissenting:

A majority of the Justices having concluded that respondent is an officer, then I am of the opinion that the Act is contra to Sec. 20 of Art. III, Fla. Const. and the rule should issue.