PER CURIAM.
 Upon consideration of the briefs, oral argument and the record on appeal we are of the opinion that the appellants were improperly'classified as “employees” of the appellee-city which classification resulted in the unauthorized termination of their employment as policemen. The law recognizes that the status of a policeman 'is that of an “officer” rather than an “employee”. Maudsley v. City of North Lauderdale, Fla.App. 4th 1974, 300 So.2d 304. Given the absence of a provision in the appellee-city’s charter controlling removal of municipal officers, appellants should have been discharged from employment pursuant to the provisions of the general law then in existence, i.e., section 165.18, F.S. See also Burklin v. Willis, Fla.App. 1st 1957, 97 So.2d 129.
The remaining points raised on appeal need not be discussed in light of our decision. Accordingly, the final judgment is reversed and the cause remanded for further proceedings consistent herewith.
REVERSED.
WALDEN, C. J., and MAGER, J., concur.
CROSS, J., dissents, with opinion.