QUESTIONS:
1. May a deputy sheriff serve simultaneously as mayor of a municipality where such mayor receives no compensation for his services?
2. Should a deputy sheriff resign to run for the office of mayor?
SUMMARY:
A deputy sheriff is an `officer' and is, therefore, prohibited from simultaneously serving as mayor of a municipality. If the term of office of deputy sheriff, which coincides with that of the sheriff who appointed him, would not ordinarily expire until after the date upon which he would assume the duties of the new office, if elected, the deputy sheriff should comply with the Resign-to-Run Law.
AS TO QUESTION 1:
Your first question is answered in the negative.
Section 5(a), Art. II, State Const., provides, in pertinent part, that `[n]o person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein.' It is clear that a mayor is a municipal officer, notwithstanding the fact that he serves without compensation. As to whether or not a deputy sheriff is also an officer, the courts have answered this question in the affirmative. See Blackburn v. Brorein, 70 So.2d 293 (Fla. 1954), holding that deputy sheriffs are `officers' rather than `employees'; and see Parker v. Hill, 72 So.2d 820 (Fla. 1954), and Johnson v. Wilson, 336 So.2d 651 (1 D.C.A. Fla., 1976), which reach the same conclusion. Cf. State v. Hurlbert, 20 So.2d 693
(Fla. 1945), holding that a statute authorizing a board of county commissioners to employ a county detective to be appointed by the Governor and vesting such detective with the same powers of arrest and of summoning witnesses in behalf of the state in criminal cases as sheriffs created an office and not an employment; Curry v. Hammond, 16 So.2d 523 (Fla. 1944), in which the Supreme Court stated that a city patrolman was `clothed with the sovereign power of the city while discharging his duty' and that therefore such patrolman was an officer of the city; Pacquin v. City of Lighthouse Point, 330 So.2d 866 (4 D.C.A. Fla., 1976); Maudsley v. City of North Lauderdale, 300 So.2d 304 (4 D.C.A. Fla., 1974); State ex rel. Gibbs v. Martens, 193 So. 835 (Fla. 1940); AGO's 069-2 and 077-63.
In AGO 071-167, this office ruled that a deputy sheriff is precluded by the terms of s. 5(a), Art. II, State Const., from also serving as a county commissioner. The conclusion reached therein applies with equal force to your inquiry; and therefore, a deputy sheriff may not serve simultaneously as mayor.
AS TO QUESTION 2:
Your second question is answered in the affirmative.
The Resign-to-Run Law, s. 99.012(2), F. S., provides in pertinent part:
 No individual may qualify as a candidate for public office who holds another elective or appointive office, whether state, county or municipal, the term of which or any part thereof runs concurrently with the term of office for which he seeks to qualify without resigning from such office not less than 10 days prior to the first day of qualifying for the office he intends to seek. . . .
The above-quoted statutory provision requires that an officer resign only when his present term for elective or appointive office would run concurrently with or overlap the term of office for which he seeks to qualify. Attorney General Opinions 075-67, 074-210, and 072-203. With respect to deputy sheriffs, s. 30.07, F. S., authorizes the sheriff to appoint deputy sheriffs who shall have the same power as the sheriff appointing them. See also s.30.53, F. S., providing that the `independence of the sheriffs shall be preserved concerning . . . the hiring, firing and setting of salaries of . . . personal.' Thus, it is clear that deputy sheriffs have no fixed term of office; they are `mere appointees of the sheriff without tenure of office and removable at the will of the appointing power . . . .' Attorney General Opinion 073-91. In the absence of a definite term fixed by law, under the common law rule `the office is held for the term of the appointing power, or at the will or pleasure of the authority which conferred it provided that the term so conferred does not extend beyond that of the appointing power.' 62 C.J.S. Municipal Corporations s. 497, p. 936; cf., State v. Hurlbert, supra, holding that a statute creating the office of county detective to be filled by appointment by the Governor, though it did not fix the term of such office but was entirely silent on the matter, did not violate constitutional provisions prohibiting the creation of any office the term of which shall exceed 4 years, since it is presumed that the Legislature enacted the statute with such constitutional limitations in mind and intended a constitutional result; therefore, the statute was to be construed as though it provided for a term of 4 years. Thus, the term of office of a deputy sheriff coincides with that of the sheriff who appointed him. Under such circumstances, even in the absence of a fixed term of office, a deputy sheriff should resign pursuant to s. 99.012, F. S., if his tenure of office, which is the same as that of the sheriff, would not ordinarily expire until after the date he would assume the office of mayor, if elected. See AGO 072-203, in which it was stated that, even though an officer serves without fixed term, `he will be able to use the prestige and power of his office in seeking election to another office and the spirit and intent of the law, if not its letter, dictate that such an official should comply with the resign-to-run law.' See also DE 076-04, in which the Division of Elections advised that deputy sheriffs `ought to comply with s. 99.012, F. S.'
Prepared by: Patricia R. Gleason Assistant Attorney General