Dorothy W. Glisson Director Division of Elections Tallahassee
QUESTION:
Must a coordinator of exceptional education comply with the requirements of the Resign-to-Run Law before he can qualify as a candidate for the office of superintendent of schools?
SUMMARY:
A coordinator of exceptional education is an employee rather than an officer, and only officers are subject to the command of the Resign-to-Run Law; therefore, it follows that a coordinator of exceptional education is not required by that law to resign his job prior to qualifying as a candidate for the office of superintendent of schools.
Before attempting to undertake an analysis of your question, I must point out that this opinion considers the application only of the Resign-to-Run Law to a coordinator of exceptional education. In this regard, it is possible that the rules and regulations of the Department of Education or of the local school board contain provisions on this subject, and they should be consulted by anyone working for the school system to determine whether they impose any conditions on candidacy. See AGO 079-81, questions 2 and 3.
Florida's Resign-to-Run Law, s. 99.012, F. S., as amended by ch. 79-391, Laws of Florida, requires any person who holds an elective or appointive office (with certain enumerated exceptions) and who seeks to be elected to another office, the term of which overlaps or runs concurrently with the term of the office which he currently holds, to submit an irrevocable letter of prospective resignation prior to qualifying for election. As I stated in a recent opinion issued by this office, the Resign-to-Run Law `relates only to officers and does not apply to mere employees.'See AGO 079-81. Thus, the initial inquiry in determining whether a coordinator of exceptional education must comply with the Resign-to-Run Law is whether that individual is an officer or an employee.
The line of demarcation between an officer and an employee is not a clear one. Cf. AGO 069-2. The Florida Supreme Court has provided some general guidelines for distinguishing between the two. In the case of State ex rel. Clyatt v. Hocker, Judge, 22 So. 721 (Fla. 1897), the court stated:
 The term `office' implies a delegation of a portion of the sovereign power to, and possession of it by, the person filling the office; a public office being an agency for the state, and the person whose duty it is to perform the agency being a public officer. The term embraces the idea of tenure, duration, emolument, and duties, and has respect to a permanent public trust to be exercised in behalf of government, and not to a merely transient, occasional, or incidental employment. A person, in the service of the government, who derives his position from a duly and legally authorized election or appointment, whose duties are continuous in their nature, and defined by rules prescribed by government, and not by contract, consisting of the exercise of important public powers, trusts, or duties, as a part of the regular administration of the government, the place and the duties remaining, though the incumbent dies or is changed, . . . is a public officer . . .; every `office,' in the constitutional meaning of the term, implying an authority to exercise some portion of the sovereign power, either in making, executing, or administering the laws. [22 So. at 723.]
In the case of State v. Sheats, 83 So. 508 (Fla. 1919), it was stated:
 The term `office' implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filing the office, while an `employment' does not comprehend a delegation of any part of the sovereign authority. The term `office' embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes, perhaps, the most decisive difference between an employment and an office, and between an employee and an officer. . . . [83 So. at 509; emphasis supplied.]
See also State v. Botts, 134 So. 219, 221 (Fla. 1931), and Stateex rel. Watson v. Hurlbert, 20 So.2d 693 (Fla. 1945).
As stated in State v. Sheats, 83 So. at 510, unless offices are created, there can be no officers. In this regard I note that s. 228.041(8), F. S., provides that the Commissioner of Education and the members of the State Board of Education constitute the officers of the state system of public education, and the superintendent of schools and the members of the school board constitute the officers of each district school system. No statutory provision creating the office of coordinator of exceptional education has been drawn to my attention, and I am unaware of any provision of the Florida School Code creating or providing for any such office.
According to the supplemental information you supplied me, a coordinator of exceptional education is charged with the administration of the special education program, including personnel and fiscal management and property requisition. He is also responsible for adapting general school policies to special education needs and for conducting surveys and program evaluations as a prelude to making program and policy recommendations that are deemed essential to the needs of exceptional children. In this respect, a coordinator of exceptional education does not make policy but only implements it. His salary and work days are set by the school board, and his performance evaluation is conducted in accordance with the board's established policy.
Applying the general considerations specified above to the facts of your inquiry, I can only conclude that a coordinator of exceptional education is an employee, not an officer. The office of coordinator of exceptional education is nowhere created by law. His duties are exclusively administrative and ministerial in nature; he exercises no sovereign power in his own right. While the coordinator appears to have some input into the policymaking process, it would be inaccurate to say that any of this important governmental power resides in him. It is the school board's function to make policy decisions.
Prepared by: Percy W. Mallison, Jr., Assistant Attorney General