The Honorable H. Lee Moffitt Speaker Florida House of Representatives 420 Capitol Tallahassee, Florida 32301
Dear Representative Moffitt:
This is in response to your request for an opinion on the following questions:
 1. WHAT CHARACTERISTICS DISTINGUISH A STATE OR COUNTY OFFICE FROM OTHER OFFICES WHICH MAY BE CREATED OR ESTABLISHED BY LAW? WHAT DEGREE OF INDEPENDENCE IS REQUIRED?
 2. WHAT POWERS OR FUNCTIONS ARE SO INHERENT TO THE PROCESS OF GOVERNING THAT THEY COMPRISE A PORTION OF THE SOVEREIGN POWER OF THE STATE?
Since your questions are interdependent, they will be answered together by the following discussion.
Your letter of inquiry notes that frequently bills are introduced creating special boards, authorities, districts, or offices to exercise various governmental functions and powers. These bills prescribe various methods for filling the positions thereby created, and you note that s 1(f), Art. IV, State Const., provides for the Governor to fill by appointment any vacancy in state or county office. You state that from your research of this issue you are unable to adequately discern what characteristics distinguish a "state or county office" a vacancy in which is required to be filled by appointment by the Governor, from other offices or positions which do not necessarily involve this power of the Governor to fill vacancies. Thus, you are concerned with assuring that any legislation, which creates such statutory entities or offices to exercise special or limited governmental functions, utilize the proper appointive process. Therefore, I understand your inquiry to relate to statutorily-created entities and offices. Your inquiry also notes that these questions are a matter of great concern to the Legislature, numerous boards and authorities, and local governmental bodies.
The 1968 Constitution as amended, does not require that statutory officers be elected or appointed by the Governor. Cf., s 27, Art. III of the 1885 Constitution, providing that the Legislature shall provide for the election by the people or appointment by the Governor of all state and county officers not otherwise provided for by this Constitution. But s 1(f), Art. IV of the 1968 Constitution specifically requires that "[w]hen not otherwise provided for in this constitution, the governor shall fill by appointment any vacancy in state or county office for the remainder of the term of an appointive office, and for the remainder of the term of an elective office if less than twenty-eight months, otherwise until the first Tuesday after the first Monday following the next general election." (e.s.) And see, s 1(a), Art. IV, providing, inter alia, that the Governor shall commission all officers of the state and counties. Section 3, Art. X of the 1968 Constitution, which is not limited to "state or county office[s]" and makes no distinction between state and county offices and any other constitutional or statutory office or officer, provides that a vacancy in office shall occur upon the creation of an office and upon other specified occurrences. See also, s 114.01(1), F.S., which provides that a vacancy in office shall occur upon the creation of an office and, among others, upon the same events or occurrences as those enumerated in s 3, Art. X. See, In re Advisory Opinion to the Governor, 217 So.2d 289
(Fla. 1968) (concluding that a vacancy in the office of Lieutenant Governor occurred immediately upon the provision of the 1968 Constitution creating that office becoming effective [noon on the first Tuesday after the first Monday in January, 1969] and that the Governor had the power and the duty to appoint a Lieutenant Governor for an interim term beginning on that date and ending at noon on the first Tuesday after the first Monday in January, 1971).
Until 1977, s 114.01(6), F.S., provided, inter alia, that every office shall be deemed vacant when created or continued by law and not filled by election or appointment under the law creating or continuing such office. However, by Ch. 77-235, Laws of Florida, the Legislature amended s 114.01, F.S., to read as it now appears in s 114.01, F.S. 1983, and deleted or omitted the above underscored provisions of former s 114.01(6), F.S. 1975. Chapter 77-235 also amended s 114.04, F.S., in pertinent part to provide that "[e]xcept as otherwise provided in the State Constitution, the Governor shall fill by appointment any vacancy in a state, district, or county office (other than a member or officer of the Legislature) . . . ." (e.s.) In 1979, by Ch. 79-400, Laws of Florida, s 114.04 was amended to read as it now appears in s 114.04, F.S. 1983. Section 114.04, F.S. 1983, in pertinent part provides:
 Except as otherwise provided in the State Constitution, the Governor shall fill by appointment any vacancy in a state, district, or county office, other than a member or officer of the Legislature, for the remainder of the term of an appointive officer and for the remainder of the term of an elective office, if there is less than 28 months remaining in the term; otherwise, until the first Tuesday after the first Monday following the next general election.
Reading s 3, Art. X of the Constitution, with ss 114.01(1) and114.04, F.S. 1983, and in light of the repeal by omission of the above underscored provisions of former s 114.01(6), F.S. 1975, it is evident that any vacancy in a state, district or county office, other than a member or officer of the Legislature, including a vacancy occurring upon the creation of an office, is by the clear and express terms of ss 114.01(1) and 114.04, F.S. 1983, required to be filled by appointment by the Governor. Further, I am of the view that the wording of s 114.04, "any vacancy in a state, district, or county office," for the purposes of ss 114.01(1) and114.04, is broad enough to embrace the special boards, authorities, districts or offices alluded to in your inquiry or other statutory entities or offices, except for members or officers of the Legislature and municipal offices or officers. These conclusions should answer your concerns about legislation creating or pertaining to the statutory entities and offices and the filling of vacancies in office therein, mentioned in your inquiry. Since ss 114.01 and 114.04 appear to constitute a complete legislative scheme to implement s 3, Art. X, State Const., and to regulate the filling of any vacancies in any state, county or district office (other than a member or officer of the Legislature or any municipal office or offices), the Legislature may wish to revisit ss 114.01 and 114.04 and amend the terms thereof so as to particularly provide for the initial election or the appointment and the filling of vacancies in office of statutory boards, authorities, districts or offices such as those alluded to in your inquiry. For the following reasons, I am of the opinion that the Legislature possesses the power to specially provide by general or special law, as may be appropriate, for the initial election or appointment of such statutory officers and for the filling of vacancies in any such offices. But see, ss165.041(2) and 165.061(3), F.S., providing the exclusive procedure for the creation of dependent and independent special districts and the government or governing board of special districts respectively; s 165.031(5), F.S., defining "special district"; and s 200.001(8)(d), (e) and (g), F.S., governing the levying of tax millages for dependent and independent special districts and the aggregate millage rates for the counties or municipalities and districts dependent to the governing body of a county or municipality as the case may be. See also, s 200.071(2), F.S., providing limitations of tax millages for counties and dependent special districts.
Neither s 3, Art. X, State Const., nor s 114.01(1), F.S., defines the terms "office," "state office," "county office" or "district office." The term "office," among other things, implies a delegation of a portion of the sovereign power. See, State v. Hocker, 22 So. 721 (Fla. 1897); State v. Sheats, 83 So. 508
(Fla. 1919); State v. Jones, 84 So. 84 (Fla. 1920); Dade County v. State, 116 So. 72 (Fla. 1928); Glendinning v. Curry, 14 So.2d 794
(Fla. 1943); State v. Hurlbert, 20 So.2d 693 (Fla. 1945); Pace v. King, 38 So.2d 823 (Fla. 1949). However, merely clerical or ministerial officers may be created or designated as officers by statute. See, State v. Sheats, supra; see generally, 67 C.J.S. Officers s 6 at pp. 230-231. There are no statutory or decisional law prescriptions as to the "degree of independence" required as suggested in your first question, or delineating any governmental function or power as "so inherent to the powers of governing" that it "comprise[s] a portion of the sovereign powers of the state" as referred to in your second question and, as noted, merely clerical or ministerial positions may be created or designated as offices or officers by statute. This office is without authority to delineate or prescribe any such degrees of independence or elements of sovereign power or to exercise such legislative function or power or prescribe any qualification of or limitation on such legislative matters. A "state officer" is one who falls within the above definition of "office" and whose field for the exercise of his jurisdiction, duties and powers is coextensive with the limits of the state and extends to every part of it. See, State v. Burns, 21 So. 290 (Fla. 1896); State v. Hocker, supra; Jackson v. State, 71 So. 332 (Fla. 1916); State v. Jones, supra; In Re Advisory Opinion to Governor, 1 So.2d 636 (Fla. 1941); In Re Advisory Opinion to Governor, 114 So. 850 (Fla. 1927). See also, 81A C.J.S. States s 80 ("State officers" in the more restricted sense of that term have been distinguished from those of a county, district, or town, the usual ground of distinction being that the powers and duties of the state officer are coextensive with the state and those of the other offices coextensive only with the political subdivision he serves). The power of the Legislature to pass laws creating county offices (or other statutory offices) other than those provided for in the Constitution is absolute unless restrained by some constitutional provision. Thursby v. Stewart, 138 So. 742 (Fla. 1931); State v. Bryan, 39 So. 929 at 955-956 (Fla. 1905). However, s 11(a)(1), Art. III of the 1968 Constitution prohibits special laws or general laws of local application pertaining to the election, jurisdiction or duties of officers except officers of municipalities, chartered counties, special districts or local governmental agencies. The term "county officer" in its most general sense applies to officers whose territorial jurisdiction is coextensive with the county for which they are elected or appointed. See, State v. Burns, 21 So. 290,295 (Fla. 1896); compare, above stated definition of "state officer" and authorities cited therefor. In a more precise and restricted sense, the term means officers by whom the county performs its usual political functions and its functions of government. Cf., State v. Burns, supra; see, Black's Law Dictionary County Officers 316-317 (Rev. 5th ed. 1979); 20 C.J.S. Counties s 100; see, State v. Hurlbert, supra, relative to a statute creating the office of "county detective"; State v. Wheat,137 So. 277 *2931 (Fla. 1931) (county auditor-purchasing agent); State ex rel. Lawson v. Page, 250 So.2d 257 (Fla. 1971) (member of county transit authority district). See also, s 421.27(2), F.S. "District" is defined as one of the portions into which an entire state, county, municipality or other political subdivision or geographical territory is divided for judicial, political, or administrative purposes. Black's Law Dictionary District 427 (Rev. 5th ed. 1979); see also, 27 C.J.S. District 617-618.
Based on the foregoing definitions and case and text law, I am of the opinion that for the purposes of ss 1(a) and (f), Art. IV, State Const., ss 114.01(1) and 114.04, F.S. 1983, and this opinion, the distinguishing characteristic of a state or county office (a vacancy in which is required by the Constitution and statute law to be filled by appointment by the Governor) from other statutory offices, such as the special boards, authorities and districts referred to in your inquiry, is that: A state office is an agency of and component part of state government whose jurisdiction extends to every part of the state; a county office is an agency of and component part of county government whose jurisdiction is limited to the county; a district is a defined portion or subdivision of the state for special and limited governmental purposes and the district and its officers, unless legislatively declared to be or designated as agencies of the state or county, are separate and apart from and are not agencies of the state or county governments. Cf., "special district" as defined in ss165.031(5), 200.001(8)(c), (d) and (e), and 218.31(5), F.S. Since district officers are not a part of, or agencies of, the state or county governments, unless legislatively designated as such, they are not officers of the state or counties within the purview of and for the purposes of either that part of s 1(a), Art. IV, State Const., which requires the Governor to commission all officers of the state and counties, or the provisions of s 1(f) of Art. IV requiring him to fill by appointment any vacancy in state or county office for the terms prescribed therein. However, all district offices and vacancies in district offices, as well as other statutory offices within the ambit of s 114.04, F.S., "any vacancy in a state, district, or county office," are within the purview of ss 114.01(1) and 114.04, F.S. 1983, and "any vacancy in a . . . district . . . office, other than a member or officer of the Legislature" is required by the present statute to be filled by appointment by the Governor for the remainder of the term of an appointive officer or elective office as therein prescribed.
Under the provisions of former s 27 of Art. III of the 1885 Constitution, which required "election by the people or appointment by the Governor of all state and county officers not otherwise provided for by (the 1885 Constitution)," and various other constitutional and statutory provisions, the Florida Supreme Court held on numerous occasions that officers of authorities and special districts were not considered to hold a state or county office. See, State v. Ocean Shore Imp. District, 156 So. 433
(Fla. 1934); State v. Reardon, 154 So. 868 (Fla. 1934); Town of Palm Beach v. City of West Palm Beach, 55 So.2d 566 (Fla. 1951); State ex rel. Smith v. Hamilton, 166 So. 742 (Fla. 1936); State ex rel. Gibbs v. Gordon, 189 So. 437 (Fla. 1939); State v. Escambia County,52 So.2d 125 (Fla. 1951); compare, In re Advisory Opinion to the Governor, 23 So.2d 158 (Fla. 1945) (relying, in part, on Ocean Shore Imp. District, supra), with In re Advisory Opinion to the Governor, 63 So.2d 321 (Fla. 1953) (holding that state hotel and restaurant commissioner was an "officer" for purposes of s 27, Art. III of the 1885 Constitution), and with In re Advisory Opinion to the Governor, 171 So.2d 539 (Fla. 1965) (members of state board of regents "officers" for purposes of former s 27, Art. III). Note also, the cases of State ex rel. Moodie v. Bryan,39 So. 929 at 955 (Fla. 1905) (construing s 27, Art. III, of the 1885 Constitution and stating that "[t]he power of the Legislature to pass laws regulating appointments to statutory offices is absolute, unless restrained by some constitutional provision" in light of the rule that the State Constitution is a limitation upon the power and residual sovereignty of the Legislature, and that only if legislation duly passed be clearly contrary to some prohibition contained therein, do the courts of this state have authority to pronounce that legislation invalid, and upholding the creation of the state board of control by legislative enactment); State ex rel. Landis v. Bird, 163 So. 248 (Fla. 1935) (also noting the principle of residual sovereignty of the Legislature, and stating that the authority to select officials to administer the laws is not inherent in any department of the government, but rather, is delegated within definite limitations by the people through the Constitution and statutes, and that election of officers to exercise delegated governmental powers is a sovereign function which can by express provision of law be conferred upon officials or tribunals); see also, Harrell's Candy Kitchen v. Sarasota-Manatee Airport Authority, 111 So.2d 439 (Fla. 1959) (adhering to the proposition that administrative authorities were not within the purview of s 27, Art. III, 1885 Constitution). Thus, officers of authorities and special districts or public, or public quasi corporations created by the Legislature are not considered "state or county" officers, unless legislatively declared or designated as such, and they are considered instead officers of agencies created by the Legislature to provide specific services in a limited area, or for a special purpose. See also, Forbes Pioneer Boat Line v. Board of Commissioners,82 So. 346 (Fla. 1919) (ruling that flood control district considered a public quasi corporation created for certain purpose, with only such authority as may be delegated to it by law); Town of Palm Beach v. City of West Palm Beach, 55 So.2d 566 (Fla. 1951) (holding that officers of a special district are neither state nor county officers); see generally, 81A C.J.S. States ss 141-142 (describing the nature of public quasi corporations); and see, O'Malley v. Florida Insurance Guaranty Ass'n., 257 So.2d 9 at 11 (Fla. 1971), for examples of public corporations in Florida and discussion of the nature of such public corporations.
In summary, unless and until judicially determined otherwise, it is my opinion that:
 (1) In light of the provisions of s 3, Art. X of the 1968 Constitution defining vacancy in office, s 114.01(1), F.S., describing the events or occurrences upon which a vacancy in office shall occur, the provisions of s 114.04, F.S., requiring the Governor to fill by appointment any vacancy in state, district or county office (other than a member or officer of the Legislature) for the prescribed remaining terms of appointive officers and elective offices, and in light of the repeal by omission by Ch. 77-235, Laws of Florida, of the provisions of former s 114.01(6), F.S., providing that every office shall be deemed vacant when created or continued by law and not filled by election or appointment under the law creating or continuing the office, any vacancy in a state, district or county office (other than a member or officer of the Legislature, or municipal office or officer) including a vacancy occurring upon the creation of an office, is required by the express terms of ss 114.01(1) and 114.04, F.S., to be filled by appointment by the Governor.
 (2) The Legislature is not inhibited by any constitutional restraints and therefore possesses the power to particularly or specially provide by general or special law, as may be appropriate, for the initial election or appointment of statutory officers and the filling of vacancies in the offices of special statutory boards, authorities, districts or offices or public, or public quasi corporations, if it so chooses.
 (3) For the purposes of s 1(f), Art. IV, State Const., and ss 114.01(1) and 114.04, F.S., the distinguishing characteristic of a state or county office (a vacancy in which is required to be filled by appointment by the Governor) from other statutory offices such as special statutory boards, authorities, districts, offices, or public or public quasi corporations with jurisdiction within a defined portion or subdivision of the state for special and limited purposes separate and apart from state or county government (unless statutorily declared to be or designated as agencies of the state or county) is that such offices and officers are an agency of and a component part of state or county government, whereas the officers of such statutory entities as authorities and districts are not unless declared to be so by statute.
 (4) The officers of special statutory boards, authorities, districts, offices, or public or public quasi corporations with jurisdiction within a defined portion or subdivision of the state for special and limited governmental purposes separate and apart from and not an agency of state or county government, unless statutorily designated as agencies of the state or county, are not officers of the state or counties within the purview of either s 1(a), Art. IV, State Const. (requiring the Governor to commission all officers of the state and counties) or s 1(f), Art. IV, State Const. (requiring the Governor to fill by appointment any vacancy in state or county office for the remaining terms of office therein prescribed).
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General