STATE EX REL. RIVERS H. BUFORD, ATTORNEY GENERAL, *Relator*, v. W. C. SPENCER, AS SHERIFF, *Respondent*.

Opinion Filed February 18, 1921.

1. Fees collected by officers represent the charge which the State makes for services rendered by it through its officers, and constitutes a fund subject to the control of the State and to be applied as the Legislature directs.

2. The effect of Chap. 7334, Acts of 1917, is to lodge in the Board of County Commissioners of the respective counties

the power to fix the compensation of all officers who are paid in whole or in part by fees, and in that respect is violative of Art. 3, Section 27, of the Constitution, which provides that the Legislature shall "fix by law" the "compensation" "of all State and county officers not otherwise provided for by this Constitution," and of Art. 8, Sec. 6, which provides that the "compensation of the sheriff, constable, county assessor of taxes, tax collector, superintendent of public instruction and county surveyor" "shall be prescribed by law."

3. The provsition of Sec. 1, Chap. 7334, that fixes the proportion of the net income of all officers derived in whole or in part from fees or commissions, which the officials shall receive as compensation or salary, and of Sec. 2, which empowers the Board of County Commissioners to fix the number and compensation of the deputies, clerks or assistants of all such officers, places the duty of fixing the salaries of such officers in the hands of the county commissioners, and is violative of Art. 3, Sec. 27, and Art. 8, Sec. 6, of the Constitution.

4. Where the unconstitutional portion of an act cannot be declared void without defeating the manifest legislative purpose, the entire statute must fail as unconstitutional and void.

Motion to quash granted.

*Rivers H. Buford,* Attorney General, and *J. B. Gaines,* Assistant, for Relator;

*John T. G. Crawford* and *James F. Glen,* for Respondent.

BROWNE, C. J.—These proceedings raise the question of the constitutionality of Chapter 7334, Acts of 1917, relating to the compensation of county officers heretofore paid in whole or in part on the basis of fees or commissions.

The Constitution provides: "The Legislature shall provide for the election by the people or appointment by the governor of all State and county officers not otherwise provided for by this Constitution, and fix by law their duties and compensation." Art. III, Sec. 27.

"The Legislature shall provide for the election by the qualified electors in each county of the following county officers: A Clerk of the Circuit Court, a Sheriff, Constables, a County Assessor of Taxes, a Tax Collector, a Superintendent of Public Instruction and a County Surveyor   *   *   *   Their powers, duties and compensation shall be prescribed by law." Art. VIII, Sec. 6.

There are further provisions of the Constitution relating to compensation of other officers, and with regard to them all, is the requirement that their compensation or salary shall be "fixed" or "prescribed" "by law."

The Constitution of 1885 may have gone into details in some respects that might have been left to legislative control, but the people in framing the Constitution had the right and the power to include in it matters of ordinary legislative detail, and the very particularity with which they did this, is an admonition that strict compliance with its provisions is required, and deviation therefrom by the Legislature prohibited, notwithstanding the Legislative desire to make such changes in the law as changed conditions seem to require.

Section 1 of Chapter 7334 provides: "The compensation of each county official now paid in whole or in part on the basis of fees or commissions shall be fixed by the net income of such office according to the following schedule:

"All the net income from such office not to exceed Eighteen Hundred Dollars ($1,800.00) ; sixty per cent. of the next One Thousand Dollars ($1,000.00), or any fraction thereof; forty per cent. of the next Two Thousand Dollars ($2,000.00), or any fraction thereof; twenty per cent. of the next Two Thousand Dollars ($2,000.00) ; or any fraction thereof; ten per cent. of the rest and residue."

Section 2 provides: "Each official shall appoint his deputies, clerks or assistants. The Board of County Commissioners shall fix the number and compensation of said deputies, clerks, or assistants." The effect of this section is to vest entirely and exclusively in the County Commissioners the power and duty to fix the compensation of all officers who are paid in whole or in part by fees.

The authority to fix the number and compensation of the deputies, clerks or assistantc of county officers gives to the County Commissioners the power to so enlarge or diminish the net income from any office as to increase or reduce the compensation of such officials.

Just what is meant by "the net income of an office" is uncertain, but in order to give effect as far as possible to the intent of the Legislature, we may assume that it means the residue after deducting from the gross income, the compensation of the deputies, clerks or assistants as fixed by the County Commissioners. If an officer should collect fees to the amount of $5,000.00, and the County Commissioners fixed the compensation of the deputies, clerks or assistants at $2,600.00, they would necessarily fix the compensation of such officer at $2,400.00, because he would receive from the net income, the first $1,800.00, and 60% of the next $1,000.00, making $2,400.00 from

these two sources, which would exhaust all the net income. In another county, where the gross income of an office was the same, the County Commissioners could fix the compensation of the officer at $3,600.00 by allowing only $1,400.00 for salaries of deputies, clerks and assistants. It is apparent, then, that unlimited power is given the County Commissioners to raise or lower the salaries of county officers by diminishing or increasing the number and compensation of their deputies, clerks or assistants, and the compensation of such officers, instead of being "fixed by law," as required by the Constitution, would be "fixed" by the County Commissioners.

Whatever may be the merit or demerit of this method of fixing the salaries of county officers, it is not the method contemplated and required by the Constitution.

It is urged by the relator that if that part of Sec. 2 which provides: "The Board of County Commissioners shall fix the number and compensation of said deputies, clerks, or assistants" is unconstitutional, such provision may be declared inoperative and void without destroying the Act itself, as the law is "sufficiently competent in itself to carry out the main intent and purpose of the Legislature." The Act seems to have two well defined purposes: (1) To limit the compensation of certain officers, and to place that limitation under the control of the County Commissioners and not within the control of the officers themselves; and (2) To provide for a fund to be derived of the residue of the fees collected, after deducting the compensation of the officers, their deputies, clerks and assistants. This it was competent for the Legislature to do, as the fees represent the charge made by the State for services rendered by it through certain designated officers. The State may give all the fees to

the officer as his compensation, or it may give him a portion only, and retain the remainder to be applied to such purposes as the Legislature may determine. It is immaterial that the bill under consideration makes no provision for the disposition of the residue. The Legislature may do this at any time, and when it makes disposition of the surplus, the officials will be required to account for it.

If that part of Sec. 2 that requires the County Commissioners to fix the number and compensation of the deputies, clerks and assistants is eliminated, that duty would devolve upon the officers themselves, and thus lodge in them the power to prevent the accumulation of any surplus. This they could do by so fixing the number and compensation of their deputies, clerks or assistants, as to require all the fees to pay themselves and their deputies, clerks or assistants. Thus, these two outstanding purposes of the law—the control of the compensation of the officers, and creation of a fund to be used for such purpose as the Legislature may determine—would be defeated.

The provision giving the County Commissioners power to fix the salaries of the officers according to the fancy of the Board of County Commissioners, which may vary in each of the fifty-two counties of the State, destroys that uniformity which is contemplated by the Constitution, and is in direct violation of those provisions of the Constitution requiring the compensation of county officers to be fixed by law, and as this provision cannot be eliminated without destroying the purposes of the Act, the entire Act must fail as unconstitutional and void.

The motion to quash alternative writ is granted.

TAYLOR AND ELLIS, J. J., concur.

WHITFIELD AND WEST, J. J., dissent.