Teuton, a citizen and resident of Marion County, Florida, filed a bill of complaint against Thomas, Sheriff of Marion County, to enjoin the sale of certain livestock impounded under provisions of Chapter 13065, Special Acts of 1927. A temporary injunction was granted. Demurrer was filed to the bill and upon hearing the demurrer was sustained and the bill of complaint dismissed. *Page 80 
The bill of complaint attacked the validity of Chapter 13065, especially on two grounds, the first being that the provisions of the Act deny to the complainant equal protection of the law; and, second, that the enforcement of the Act deprives the complainant of his property without due process of law.
If only the second question was presented to the Court, it might be disposed of adversely to the appellant upon the authority of the opinion in the case of Gill et al. v. Wilder,95 Fla. 901, 116 So. R. 870.
In the Wilder case, Chapter 9580, Special Acts of 1923, was under consideration. Section 12 of that Act provided as follows:
 "In the event the result of the election is against live stock running at large then the Board of County Commissioners is authorized, and it shall be the duty of the said Board of County Commissioners, to construct as soon as practicable a four strand four barbed standard weight cattle wire fence along such county boundary lines of said county as may not have natural barriers or which are adjacent to open range territory."
The provisions in Section 12, above quoted, of Chapter 9580 are entirely different from the provisions appearing in Chapter 13065, Special Acts of 1927. Section 8 of that Act is as follows:
 "Provided, however, that this Act is subject to the conditions that no cattle which may stray into Marion County from any adjoining county shall be seized and impounded under the provisions of this Act until Marion County shall have constructed a legal cattle fence sufficient to prevent the intrusion of cattle, along *Page 81 
the entire boundary line separating Marion County and such adjoining counties and placed cattle guards sufficient to prevent the intrusions of cattle from coming in from adjoining counties on all public roads and bridges connecting such counties except that no boundary line fence or cattle guards shall be required between Marion County and any territory or any adjoining county in which live stock is prohibited by law from running at large, or along any portion of the boundary line of said Marion County which consists of water sufficient in size and depth to prevent the crossing of cattle into said Marion County from any adjoining county where livestock is legally permitted to run at large. All cattle straying into Marion County from adjoining territory where live stock is legally permitted to run at large shall be driven back out of said county."
It clearly appears that the Act was passed only on condition prescribed in Section 8 and that without the provisions of that section the Act would not have been acceptable to the legislature.
In Spencer v. Bryan, 87 Fla. 56, 99 So. R. 327, the Court say:
 "Classifications by counties or otherwise for the purpose of prescribing regulations or exactions that in effect impose burdens on some of the citizens of the State that in kind or extent are not imposed upon other citizens of the State under practically similar conditions, with no conceivably just basis for the classifications or discriminations, constitute a denial to those injuriously affected of the equal protection of the laws in violation of the Fourteenth Amendment to the Federal Constitution. Harper v. Galloway, *Page 82 
 58 Fla. 255, 51 So. R. 226; State ex rel. Clarkson v. Phillips, 70 Fla. 340, 70 So. R. 367; Lewis v. State, 110 Ark. 204, 161 S.W. R. 154; State v. Hill, 98 Miss. 142, 53 So. R. 411; 27 C. J. 947; 12 R. C. L. 694."
The provisions of Section 8 of the Act here under consideration are contrary to the provisions of the Fourteenth Amendment to the Federal Constitution, because under this provision of the Act live stock belonging to a resident of a county other than the county of Marion found roaming at large within the county of Marion are not subject to be impounded and sold. Neither is the owner of such cattle subjected to the payment of the fees required of residents of the county to redeem impounded cattle, it being admitted by the pleadings that no fences have been constructed to prevent cattle ranging outside of the county from roaming into the county. The law does not apply alike to owners of live stock owning live stock within Marion County and to owners of live stock owning live stock in other counties of the State when such live stock roams into Marion County.
In Ex Parte H. R. Smith, this Court, in an opinion prepared by Mr. Justice STRUM and filed at the present term, say:
 "If different sections of a statute or ordinance are independent of each other, those which are unconstitutional may be eliminated, and valid sections may be retained and enforced. But if an obnoxious section is of such import that the other sections without it are incomplete, or would cause results not contemplated or desired by the legislative body which enacted it, then the entire statute or ordinance must be held inoperative, Hayes v. Walker, 54 Fla. 163, 44 So. R. 747; State v. Spencer, 81 Fla. 211, 87 So. R. 634; and the *Page 83 
cases last above cited. See also Harper v. Galloway, 58 Fla. 255, 51 So. 226, and Board of Trade v. Olsen, 262 U.S. 1, 67 L.Ed. 839."
The above stated rule is applicable to the instant case. We can not eliminate Sec. 8 of this Act without doing violence to the legislative intent which is evidenced by the language of the section.
The Act must be held to be invalid because its provisions are repugnant to the provisions of the Fourteenth Amendment of the Federal Constitution and are repugnant to Section 1 of the Bill of Rights of the Constitution of the State of Florida. Therefore, the order dismissing the bill of complaint should be reversed and the cause remanded for further proceedings not inconsistent with this opinion. It is so ordered.
Reversed and remanded.
WHITFIELD, P. J., AND STRUM, J., concur.
TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.