J. P. RAMSEY, *Sheriff,* v. BLANTON MARTIN.

150 So. 256.
Division B.
Opinion Filed September 16, 1933.

*Fred D. Bryant,* for Appellant;

*Parks M. Carmichael* and *Clara B. Floyd,* for Appellee.

BUFORD, J.—This was a suit to enjoin the sale of certain cattle impounded by the Sheriff of Alachua County and offered for sale under authority of Chapter 10316, Special Acts of Legislature of 1925. The Act was held unconstitutional by the learned circuit judge and appeal was taken to this Court to review his order.

The circuit judge held the Act unconstitutional and granted the injunction because Section 14 of the Act is in conflict with the Fourteenth Amendment of the Federal Constitution and to Section 1 of the Bill of Rights of the Constitution of the State of Florida, and because it appears from the legislative record that the obnoxious Section of the Act cannot be eliminated without causing results not contemplated or desired by the legislative body which enacted it. (Citing as authority, State *ex rel.* Buford v. Spencer, 81 Fla. 211, 87 Sou. 634, where this Court held):

"Where the unconstitutional portion of an Act cannot be declared void without defeating the manifest legislative purpose, the entire statute must fail as unconstitutional and void."

Section 14 of the Act here in controversy reads as follows:

"No cattle belonging to persons, firms or corporations whose residence or principal place of business is in a county adjoining Alachua County shall be seized or impounded under the provision of this Act until Alachua County shall

have constructed a legal cattle fence along its boundary line, except that no boundary line fence shall be required between Alachua County and any territory of an adjoining county in which live stock is prohibited by law from running at large, or along any portion of the boundary line of said Alachua County which consists of a stream of water sufficient in size and depth to prevent the crossing of cattle into said Alachua County from adjoining counties where live stock is permitted to run at large. All cattle straying into Alachua County from adjoining territory where live stock is permitted to run at large shall be driven out of said county. For the purpose of providing the boundary line fence hereinbefore mentioned, Alachua County be and the same is hereby authorized to levy a special tax for the purpose of raising money to pay the expenses of construction of such fence as hereinbefore mentioned, which tax shall be assessed and collected as other county taxes are assessed and collected when authorized by said County."

The legislative record shows that this Section was not in the bill as originally introduced but was added thereto by way of amendment when the bill was on the second reading.

Now, this Act affects the people in all the counties adjoining Alachua County and it is apparent, as was held by the learned circuit judge, that the representatives from those counties adjoining Alachua County were not willing for this Special Act of the Legislature to pass without the inclusion therein of Section 14 and that, therefore, without the inclusion of Section 14, or with Section 14 eliminated, the Act would not express the legislative will.

, The decree appealed from should be affirmed on authority of the opinion and judgment in the case of Teuton v. Thomas, 100 Fla. 78, 129 Sou. 330. It is so ordered.

Affirmed.

Davis, C. J., and Whitfield, Terrell and Brown, J. J., concur.