63 So.2d 321 (1953)
In re ADVISORY OPINION TO THE GOVERNOR.
Supreme Court of Florida, en Banc.
February 18, 1953.
*322 PER CURIAM.

Supreme Court of Florida

T. Frank Hobson, Chief Justice

Tallahassee

February 13, 1953
 Division A Division B
 Justices Justices
Glenn Terrell Elwyn Thomas
Harold L. Sebring B.K. Roberts
John E. Mathews E. Harris Drew
Guyte P. McCord D.B. Mayo, Jr.
 Clerk Marshal
The Honorable Dan McCarty
Governor of the State of Florida
Tallahassee, Florida
Dear Sir:
We have your request of February 9, 1953, for our opinion affecting your executive powers and duties as follows:
 "February 9, 1953
"Honorable T. Frank Hobson,
Chief Justice, and the Justices
of the Supreme Court of Florida
Tallahassee, Florida
"Re: Hotel and Restaurant Commissioner 
 An officer or employee 
 Term of office 
 Duty of the Governor
"Gentlemen:
"It is my duty under Section 6 of Article 4 of the Constitution of the State to take care that the laws of the State are faithfully executed, and I am authorized under Section 13 of Article 4 to request the written opinion of the Justices of the Supreme Court as to the interpretation of any portion of the State Constitution upon any question affecting my executive powers and duties.
*323 "Section 27 of Article 3 of the Constitution of the State is as follows:
"`The Legislature shall provide for the election by the people or appointment by the Governor of all State and county officers not otherwise provided for by this Constitution, and fix by law their duties and compensation.'
"Section 7 of Article 16 of the State Constitution is as follows:
"`The Legislature shall not create any office, the term of which shall be longer than four years.'
"Prior to the session of the Legislature in 1951, Section 509.02, F.S.A., provided for the appointment of a hotel commissioner as follows:
"`The governor shall appoint a hotel commissioner whose term of office shall begin and run concurrently with the regular terms of office of the successive governors of this state and who shall give bond in the sum of ten thousand dollars for the faithful performance of his duties, to be approved by the governor. He shall receive a salary of forty-two hundred dollars per annum and shall be reimbursed to the extent of his traveling expenses incurred in the performance of his duties.' As amended Laws 1941, c. 20299, Sec. 1.
"Chapters 509, 510, 511, 512 and 513 prescribe various powers and duties of the hotel commissioner.
"In 1951 there was enacted Chapter 26945 by the Legislature, which became effective July 1, 1951.
"Section 1 of the aforementioned Act created the Florida Hotel and Restaurant Commission, and provided:
"`* * * and all powers, functions and duties heretofore carried on by the state hotel commissioner under and in accordance with existing law shall be vested in and carried on by the Florida hotel and restaurant commissioner.'
"Said Chapter 26945 further provided in Section 2 thereof that `The governor and the state cabinet shall employ a Florida hotel and restaurant commissioner who shall administer the affairs of said commission. * * * The said commissioner shall serve at the pleasure of the governor and the state cabinet.'
"After the effective date of said Chapter 26945, the Governor and the State Cabinet took action thereunder and employed Honorable James T. Landon as the Florida Hotel and Restaurant Commissioner and under the terms of the Act the commissioner would serve `at the pleasure of the governor and the state cabinet.'
"Section 4 of said chapter provides:
"`The said commissioner shall carry out and execute all of the provisions of this act and all other laws now in force or which may hereafter be enacted relating to the inspection or regulation of hotels, apartment houses, rooming houses, restaurants, motels or motor courts. * * *'
"Section 8 of the Act is as follows:
"`The entire provisions of chapters 510, 511, 513, Florida Statutes, and any other laws now in effect pertaining to the state hotel commission and to the state hotel commissioner and other than those in conflict with the provisions of this act, shall remain in force and effect and shall be administered and shall apply to the Florida hotel and restaurant commission and to the Florida hotel and restaurant commissioner the same as if the Florida hotel and restaurant commissioner were mentioned in all places [where] the words "Hotel commission" and "hotel commissioner" are used.'
"Section 9 of the Act is as follows:
"`All of Chapter 509, Florida Statutes, being section 509.01 and including section 509.05, Florida Statutes, together with 511.28 are hereby repealed.'
"Section 10 of the Act provides:
"`If any part or parts of this act shall be held unconstitutional, such unconstitutionality shall not effect the validity of the remaining parts of this act. The legislature hereby declares that it would have passed the remaining parts of this act if it had known that *324 such part or parts would have been declared unconstitutional.'
"I am in doubt as to my constitutional powers and duties in view of the law with reference to this subject as it existed prior to 1951 and as it exists under Chapter 26945, Laws of Florida 1951. The 1951 Act changed the title from `hotel commissioner' to `hotel and restaurant commissioner' and then provided that the said commissioner shall not only carry out the provisions of the 1951 Act, but also "all other laws now in force or which may hereafter be enacted relating to the inspection or regulation of hotels, apartment houses, rooming houses, restaurants, motels or motor courts'.
"It would appear that under Section 509.02 et seq., Florida Statutes Annotated, the commissioner was an officer and his appointment by the Governor was provided for as contemplated by Section 27 of Article 3 of the State Constitution. The 1951 Act repeals that provision of the prior law providing for the appointment by the Governor and inserts in lieu thereof the provision that `the governor and the state cabinet shall employ a Florida hotel and restaurant commissioner.'
"Section 509.02 specifically provides that `term of office' of the commissioner shall begin and run concurrently with the regular terms of office of the successive governors of this state, which term would be four years.
"Section 2 of the 1951 Act provides that `The said commissioner shall serve at the pleasure of the governor and the state cabinet.'
"In view of the provisions of the Constitution, laws and facts which I have heretofore related and of the grave doubt which exists with reference to my powers and duties as Governor, I therefore have the honor to request your written opinion on the following questions:
"1. Is the Florida hotel and restaurant commissioner an officer as contemplated by Section 27 of Article 3 of the Constitution of the State?
"2. If the answer to the first question is in the affirmative, does Chapter 26945 violate Section 27 of Article 3 of the State Constitution by requiring that such officer be employed by the Governor and the state cabinet, in lieu of the requirement of an election by the people or an appointment by the Governor?
"3. If the answer to the first question is in the affirmative, does Chapter 26945 violate Section 7 of Article 16 of the State Constitution by providing that such officer `shall serve at the pleasure of the governor and the state cabinet', thus giving him an indefinite term as the same is defined in your opinion in the case of State ex rel. Davis v. Botts, 101 Fla. 361, 134 So. 219, and as distinguished in the case of State ex rel. Watson v. Hurlbert, 155 Fla. 531, 20 So.2d 693?
"4. In view of the fact that Section 9 of Chapter 26945 specifically repeals all of Chapter 509, which includes Section 509.02, F.S.A., is it the duty of the Governor to make an appointment to fill such office, and if so, for what period of time, or term?
 "Respectfully submitted,
 /s/ Dan McCarty
 Governor"
The hotel commissioner or hotel and restaurant commissioner does not exist under the Constitution. The position, office or employment is a creature of the Statute. The duties prescribed by statute relate entirely to the enforcement of the laws of the State of Florida with reference to hotels, apartment houses, rooming houses, restaurants, motels and motor courts, and also to the gambling laws when violated in such places. These laws are not self-executing. There can be no enforcement of them without the intervention of some agency of the state. The statutes provide the agency as a hotel commissioner or a hotel and restaurant commissioner. The enforcement of these laws directly affects the powers of the Chief Executive of the State, conferred upon him by Sections 1, 6 and 7 of Article 4, and Section 27 of Article 3, and Section 7 of Article 16 of the State Constitution, F.S.A. The statutes in question are applicable statutes and should be "interpreted and applied with reference to the excutive powers and duties *325 of the Governor under the Constitution." The agency provided for the enforcement of the laws hereinabove mentioned is a creature of the statutes and these statutes are so interwoven and connected with the constitutional provisions that a consideration of the statutes is essential in order to answer your question concerning your powers and duties under the Constitution.
In re Advisory Opinion to Governor, 150 Fla. 556, 8 So.2d 26, 140 A.L.R. 1481, Id., 151 Fla. 44, 9 So.2d 172, 175, 140 A.L.R. 1492, we held "all the applicable statutes should be interpreted and applied with reference to the executive powers and duties of the Governor under the Constitution."
The questions propounded relate to your constitutional duty, as the Chief Executive of the State, to see that all laws are faithfully executed and to appoint officers as provided for in the Constitution. The power of appointment is vested in the Governor by the Constitution and is a part of the supreme law of the State. It is as much your duty to see that the power of appointment is faithfully executed as it is to see that any other law of the state is faithfully executed. This power of appointment, vested in you by the Constitution, cannot be curtailed, diminished or abolished by any statutory enactment.
In answer to your question No. 1, we beg to advise that the Hotel and Restaurant Commissioner, as named and described in Chapter 26945, Laws of Florida 1951, F.S.A. § 509.011 et seq., is an officer as contemplated by Section 27 of Article 3 of the Constitution of the State of Florida. The duties fixed and prescribed by law provide the supreme test in such cases. In the case of State ex rel. Clyatt v. Hocker, 39 Fla. 477, 22 So. 721, 723, 63 Am.St. Rep. 174, this Court defined in detail the terms "office" and "officers," and said:
"`The term "office" implies a delegation of a portion of the sovereign power to, and possession of it by, the person filling the office; a public office being an agency for the state, and the person whose duty it is to perform the agency being a public officer. The term embraces the idea of tenure, duration, * * * and duties, and has respect to * * * public trust to be exercised in behalf of government, and not to a merely transient, occasional, or incidental employment. * * *'"
Section 8 of Chapter 26945, Laws of Florida 1951, specifically preserves Sections 510, 511, 513, Florida Statutes, F.S.A., and makes it the duty of the hotel commissioner to administer the same.
Section 4 of the Act provides that "The said commissioner shall carry out and execute all of the provisions of this act and all other laws now in force or which may hereafter be enacted relating to the inspection or regulation of hotels, apartment houses, rooming houses, restaurants, motels or motor courts."
A mere inspection of Sections 510, 511, 513, Florida Statutes, F.S.A., and other laws relating to the inspection or regulation of hotels, apartment houses, rooming houses, restaurants, motels or motor courts, shows conclusively that the powers vested in the commissioner are a part of the sovereign powers of the State. He has the authority to go upon the premises of the place of business of such establishments and inspect them without search warrant or other authority of law for the purpose of determining whether or not any law with reference to the same, and also the gambling laws, are being violated. He has the authority to issue licenses and renewals thereof and to suspend and revoke the same. He must approve the plans and specifications for the building, including electrical wiring and plumbing, for such buildings, and prevent such construction unless the same meets with his approval. The powers and duties conferred upon the commissioner are not transitory but are continuous. Such powers and duties conferred upon the commissioner require the exercise of state governmental authority involving discretion and responsibility and are a part of the sovereign powers of the State and such, as the Constitution contemplates, shall be performed by officers elected by the people, or appointed by the Governor.
In answer to question No. 2, you are advised that Section 2 of said Chapter *326 26945, Laws of Florida 1951, is in direct conflict with Section 27 of Article 3 of the Constitution of the State and vitally affects the constitutional powers and duties of the Governor by requiring that such officer be employed by the "Governor and the Cabinet."
Section 1 of Article 4 of the State Constitution provides:
"The Supreme Executive power of the State shall be vested in a Chief Magistrate, who shall be styled the Governor of Florida."
Section 6 of Article 4 of the State Constitution provides:
"The Governor shall take care that the laws be faithfully executed."
Section 27 of Article 3 of the State Constitution requires "the election by the people or appointment by the Governor of all State and county officers not otherwise provided for by this Constitution". The office is not provided for by the Constitution. It is a statutory office.
The words in these three sections are clear and unequivocal. They leave no room for question, doubt or dispute. The Constitution provides for only one Governor. Not even the Legislature can curtail the appointive power of the Governor by requiring him to accept, or be bound by, the advice of anyone. It was the purpose and intent to place exclusive power and responsibility for appointment of such officers in the Governor, and no one else.
Answering question No. 3, we beg to advise that in view of the fact that the Hotel and Restaurant Commissioner is a public officer, Section 2 of Chapter 26945, Laws of Florida 1951, is in direct violation of Section 7 of Article 16 of the State Constitution, by providing that such officer shall serve at the pleasure of the "governor and the state cabinet".
The term of office fixed by a statute at variance with the Constitution vitally affects your powers and duties under the Constitution. The Legislature cannot fix the term of a statutory office for more than four years, and if it attempts to do so, you have no authority to make an appointment for more than four years. See State ex rel. Davis v. Botts, 101 Fla. 361, 134 So. 219, and State ex rel. Watson v. Hurlbert, 155 Fla. 531, 20 So.2d 693.
In answer to question No. 4, we beg to advise that Section 9 of Chapter 26945 specifically provides for the repeal of all of Chapter 509, which includes Section 509.02, F.S.A. Section 509.02, F.S.A., provides that the Governor shall appoint a hotel commissioner whose term of office shall begin and run consecutively with the regular terms of office of the successive governors. This section not only recognized that under Section 27 of Article 3, the Governor should make the appointment, but also recognized that under Section 7 of Article 16 of the State Constitution, the term of no office shall be longer than four years.
Section 2 of Chapter 26945 being in direct conflict with Section 27 of Article 3 of the State Constitution as to the appointive power of the Governor and in direct conflict with Section 7 of Article 16 of the State Constitution as to the term of office of the commissioner, it is obvious that Section 2 of said Act is void. With Section 2 of the Act being void, and if Section 509.02, F.S.A., was repealed, there would be no provision left for filling the office of hotel commissioner, or Florida Hotel and Restaurant Commissioner. In view of this situation, the so-called "saving clause", or Section 10 of Chapter 26945, Laws of Florida 1951, will not "save" the Act because the other provisions of the Act are so interwoven with and dependent upon Section 2 that it is obvious the Legislature would not have adopted an Act providing for an office with no effective constitutional power preserved or retained to fill such office.
The manifest purpose of the 1951 Act is set forth in Section 2, which is to change the appointment of the Commissioner by the Governor to that of the Governor and the Cabinet and to change the term of office from four years to a term at the pleasure of the Governor and the Cabinet. We have repeatedly held that "Where the unconstitutional portion of an act cannot be declared void without defeating *327 the manifest legislative purpose, the entire statute must fail as unconstitutional and void." See State ex rel. Buford v. Spencer, 81 Fla. 211, 87 So. 634; State ex rel. Haley v. Stark, 18 Fla. 255; State ex rel. Landis v. Green, 107 Fla. 335, 144 So. 681; Ramsey v. Martin, 111 Fla. 798, 150 So. 256. Since we hold Chapter 26945, Laws of Florida 1951, unconstitutional, the effect of such holding is to re-instate Chapter 509, F.S.A., which it attempted to repeal.
It, therefore, follows that it is your duty under Section 27 of Article 3, and Section 7 of Article 4 of the State Constitution to make the appointment of a Florida Hotel Commissioner and the same should be for the unexpired term, which is to end concurrently with your term as Governor.
Respectfully submitted,
 /s/ T. FRANK HOBSON
 Chief Justice
 /s/ GLENN TERRELL
 /s/ ELWYN THOMAS
 /s/ H.L. SEBRING
 /s/ B.K. ROBERTS
 /s/ JOHN E. MATHEWS
 /s/ E. HARRIS DREW
 Justices