SEBRING, Justice.
The Florida Hotel and Restaurant Commission suspended the hotel license of one N. L. Smith for a period of 30 days upon the ground that the licensee had knowingly permitted the maintenance of gambling implements or apparatus upon his premises. The licensee instituted a certiorari proceeding in the Circuit Court of Dade County, Florida, to quash the order of suspension, urging as a ground for setting the order aside that the evidence upon which the suspension order was based had been procured as a result of an unreasonable, illegal and unlawful search of the premises and seizure of papers and effects of the petitioner contrary to the Federal and State Constitutions. The circuit court denied the petition for certiorari and this appeal followed.
According to the evidence in the cause, the appellant, Smith, is the leaseholder and operator of a twelve-room hotel for colored people at 710 N.W. 2d Avenue in Miami, Florida. On March 10, 1952, he was the holder of a Federal Gambling Stamp issued in his name at 353 N.W. 7th Street in Miami. In the early afternoon of March 10, 1952, two deputy sheriffs of Dade County, and four investigators from the Attorney General’s office, two of whom were deputy hotel commissioners, went to the hotel premises to make an inspection. When they reached the hotel they found the entrance door locked, and when they knocked on the door and announced that they were deputy hotel commissioners they heard a considerable amount of noise inside the building. At the same time they observed, through one of the small openings between the louvers of the entrance door, a number of Negroes rushing out of Room 4 of the hotel, which was directly opposite the entrance, and heard one of the Negroes say, “don’t open that door.” Being refused admittance through the front door, one of the members of the inspecting party went around to the side of the building and entered into the dining room of the hotel. From there he walked to the front entrance and admitted the other members of his party into the lobby.
After they had thus gained entrance into the building the two deputy hotel commissioners exhibited their commission cards and badges to the licensee, Smith, to his sister, who represented herself to be the manager of the establishment, and to others in the lobby, and asked to be admitted to Rooms 3 and 4. Admittance to the rooms was refused by Smith and his sister on the ground that the rooms were being occupied by a guest of the hotel. Later in the conversation Smith and his sister changed their story and stated that the rooms were being occupied by Smith as private living quarters.
When the members of the inspecting party continued their request for admittance Smith asked them whether they had a search warrant. To this query a member of the inspection party informed Smith that the inspectors represented the State Hotel Commission and needed no search warrant to make an inspection of the premises. Smith then informed the inspectors that he would not open the door to either room without being first served with a search warrant. At this point one -of the deputy hotel commissioners seized Smith by the belt and said to him, “You black son-of-a-bitch, unlock that door.” Smith then admitted the party to the rooms. Inside the rooms were found run-down sheets, scratch sheets and other paraphernalia commonly used in bookmaking operations. No gambling of any kind was observed by the inspectors.
Section 511.11, Florida Statutes 1951, F.S.A., provides, in part, that “The hotel commissioner shall inspect, or cause to be inspected, at least annually, every hotel, rooming house and restaurant in this *355 state, and, for that purpose, he shall have the right of entry and access thereto, at any reasonable time.”
Section 511.051, Florida Statutes 1951, F.S.A., contains the following provision: “The hotel commissioner is hereby given full power and authority to suspend * * * any license issued by him for the operation of any hotel * * * whenever the owner, lessee, or manager, or any other person having, exclusively or with others, either direct or indirect charge, control or management of such hotel * * * knowingly lets, leases or gives space or concession for gambling purposes or where gambling is to be carried on, in any manner or by any means denounced by any statute of this state, in such hotel * * * or in or upon any premises which are used in connection with, and are under the same charge, control or management as, such hotel * * *.”
The question is whether in the light of the foregoing statute, the Circuit Court of Dade County erred, on the evidence adduced, in refusing to quash the order of suspension.
In determining this question it should be noted that the general scope of a court’s review of administrative proceedings in certiorari is well defined. As stated in City of Pensacola v. Maxwell, Fla., 49 So.2d 527, 528, “The court may inquire into the jurisdiction of the administrative body whose order is challenged. It may inspect the record of the proceedings before the administrative body to ascertain whether that body has proceeded in accordance with the authority conferred upon it by controlling law. It may examine the record to determine whether there is substantial evidence to justify the finding of the administrative body. It may not reweigh the evidence for the purpose of determining where the preponderance lies, nor substitute its judgment as to the credibility of witnesses for that of the body charged with the duty of determining the facts. Compare Florida Motor Lines v. Railroad Commission [of Florida], 101 Fla. 1018, 132 So. 851; Nelson v. State ex rel. Quigg, 156 Fla. 189, 23 So.2d 136; Pensacola Transit, Inc. v. Douglass, 160 Fla. 192, 34 So.2d 555; City of Miami v. Huttoe, Fla., 38 So.2d 819; McQuillin on Municipal Corporations, 2d Ed.Rev. Vol. 2, p. 506.” (Emphasis supplied.) When viewed in this aspect, we think that the order appealed from should be affirmed.
The intent of section 511.11, Florida Statutes 1951, F.S.A., is plain that the Hotel Commission has authority to enter and inspect the premises of licensees in connection with its duties under Chapter 511; one of these duties being to suspend licenses for violation of the gambling statutes. This Court has previously said that the commissioner “has the authority to go upon the premises of the place of business of such establishments and inspect them without search warrant or other authority of law for the purpose of determining whether or not any law with reference to the same, and also the gambling laws, are being violated.” In re Advisory Opinion to the Governor, Fla., 63 So.2d 321, 325. The commission’s right, in the words of the statute, is a right of entry and access to “every hotel * * and is not limited and confined to the public portions of such building. The contention that the rooms in question in this case were the licensee’s private “dwelling” would not, therefore, appear to be material; although the ruling of the trial court in this case could legitimately have been entered upon the premise that, in view of the first assertion that the rooms were occupied by a guest of the hotel, the licensee’s claim, as an afterthought, that he occupied the rooms as his private quarters, was not a bona fide one.
 It is established that a licensee who obtains and accepts a license such as here involved becomes bound to abide and conform with the governing statutes. State ex rel. Hoffman v. Vocelle, 159 Fla. 88, 31 So.2d 52. And we have recognized that the provisions of the law relating to inspection and regulation of hotels give the officials in charge as valid a right of entry, for the purpose of inspection, as if they came equipped with a warrant. See Ad *356 visory Opinion to the Governor, supra. Clearly, tíren, the deputy commissioners were entitled to insist upon this privilege of entry into the rooms here in question as against the licensee’s refusal of permission.
In obtaining entry over such objections the inspecting officials are charged, of course, just as in the case of execution of a search warrant, with the duty of exercising care to see that no abuse or unnecessary severity occurs. However, even in the case of execution of a warrant, “The fact that,the officer commits acts not authorized by the warrant does not taint with extraneous illegality all that was done, and his acts are illegal only to the extent that they are unauthorized by the warrant.” 79 C.J.S., Searches and Seizures, § 83, p. 906. Therefore, while certain conduct of the inspectors, or the use of abusive language by one of their number during the inspection, may be subject to censure as, n.ot in keeping with the exercise of power by an agency of the government, yet that does not “taint with extraneous illegality” the entire proceedings so as to render inadmissible all incriminating evidence disclosed by the inspection, nor is the suspension order thereby rendered void.
From the record on this appeal it appears that the circuit court had substantial evidence before it in the certiorari proceeding to justify the finding and order of the Hotel Commission, and that the commission had proceeded in accordance with the authority conferred upon it by law. Consequently, the judgment appealed from should be affirmed.
It is so ordered.
ROBERTS, C. J., and. THOMAS and HOBSON, JJ., concur.
TERRELL, J., concurs specially.
DREW, J., not participating.
DAYTON, Associate Justice, dissents.