QUESTION:
May s. 125.83(4), F. S., constitutionally require that a county charter provide that salaries of all county officers be provided by ordinance?
SUMMARY:
Until judicially determined otherwise, and pursuant to the mandate of s. 5(c), Art. II, State Const., s. 125.83(4), F. S., probably cannot constitutionally prescribe that a county charter provide that salaries of all county officers be provided by ordinance or delegate to the county commission the authority to fix by ordinance the compensation of all county officers.
Section 125.83(4), F. S., which concerns provisions to be included within optional county charters, adopted under the provisions of s. 1(c), Art. VIII, State Const., and part IV of Ch. 125, F. S., provides as follows:
 The County charter shall provide that the salaries of all county officers shall be provided by ordinance and shall not be lowered during an officer's term in office. (Emphasis supplied.)
However, s. 5(c), Art. II, State Const., provides:
 The powers, duties, compensation and method of payment of state and county officers shall be fixed by law. (Emphasis supplied.)
It is settled in this state that a statute found on statute books must be presumed to be valid and must be given effect until it is judicially declared unconstitutional. White v. Crandon,156 So. 303, 305 (Fla. 1934); Evans v. Hillsborough County, 186 So. 193,196 (Fla. 1938); Pickerill v. Schott, 55 So.2d 716, 719 (Fla. 1951). I am of course without authority to rule any duly enacted act of the Legislature invalid. But inasmuch as the legislative enactment cited above appears to delegate to counties the power to declare what the compensation of all county officers shall be, I feel it is constitutionally suspect.
The Florida Supreme Court has recognized that the Legislature may grant additional powers to and impose additional duties upon constitutional and statutory officers where not forbidden or inconsistent with the Constitution. State ex rel. Watson v. Caldwell, 23 So.2d 855 (Fla. 1946); Whittaker v. Parsons,86 So. 247 (Fla. 1920). Such inhibition or inconsistency was found by the high court in a factual and legal situation strikingly similar to that presented herein. In State ex rel. Buford v. Spencer,87 So. 634 (Fla. 1921), the court held that a legislative enactment which vested in the county commissioners the power and duty to fix the compensation of all county officers who were paid fees was violative of s. 27, Art. III, State Const. (1885), the precursor to s. 5(c), Art. II, dealt with herein. The court stated:
 The provision giving the county commissioners power to fix the salaries of the officers according to the fancy of the board of county commissioners, which may vary in each of the 52 counties of the State, destroys that uniformity which is contemplated by the Constitution requiring the compensation of county officers to be fixed by law . . . . [Supra at 636.]
See also State ex rel. Douglass v. Board of Public Instruction of Duval County, 123 So. 540 (Fla. 1929), holding unconstitutional a legislative enactment conferring upon the county board of public instruction powers to fix compensation of school attendance officers; Musleh v. Marion County, 200 So.2d 168 (Fla. 1967), to the same effect regarding a legislative enactment authorizing board of county commissioners to determine compensation of an elected county prosecutor; and AGO 073-356, concluding that a county charter probably cannot delegate to the county commission the authority to fix by ordinance the compensation of county officers.
Until judicially determined otherwise, it is my opinion that s.125.83(4), F. S., may well prove to be an invalid delegation of legislative power in its authorization for the fixing of salaries of all county officers by ordinance, and I cannot in good conscience advise or suggest to the county that it attempt to exercise the purported authority prescribed in s. 125.83(4) until the courts have resolved the question.
In this vein, it is well to point out that if Escambia County contemplates either adoption of the county manager form of government pursuant to s. 125.84, F. S., or provisions for the appointment of other county officers, provisions for fixing of salaries of such officers are found solely within the terms of s.125.83(4), F. S., and s. 5(c), Art. II, State Const. As such, and given the doubts expressed herein concerning the constitutionality of s. 125.83(4), F. S., remedial legislation for this class of appointed officers may be necessitated. It is otherwise with those county officials enumerated within Ch. 145, F. S., wherein the Legislature has given definite guidelines concerning salaries.
Prepared by: Joseph W. Lawrence, II Assistant Attorney General