Dear Mr. Fetterman:
On behalf of Sheriff Ken Mascara, you ask substantially the following question:
May the sheriff voluntarily reduce his salary below that established by Chapter 145, Florida Statutes?
You state that the sheriff is interested in foregoing a portion of his salary and accepting a salary less than that prescribed by Chapter 145, Florida Statutes. You have apparently advised the sheriff that the salaries of county officers, including the sheriff, prescribed by Chapter 145 may not be altered. As discussed below, I concur in that conclusion.
Pursuant to section 5(c), Article II of the Florida Constitution, "[t]he . . . compensation . . of . . . county officers shall be fixed by law," that is, by action of the Florida Legislature.[1] Chapter 145, Florida Statutes, represents the legislative scheme for the mandate in the constitution. This chapter was enacted "to provide for the annual compensation and method of payment for the several county officers named herein."[2]
Section 145.011, Florida Statutes, sets for the legislative intent for the enactment of Chapter 145, Florida Statutes, and provides in part:
* * *
(2) The Legislature has determined that a uniform and not arbitrary and discriminatory salary law is needed to replace the haphazard, preferential, inequitable, and probably unconstitutional local law method of paying elected county officers.
(3) It is further the intent of this Legislature to provide by generallaw for such uniform compensation of county officials having substantially equal duties and responsibilities, taking into account the multitude of changes that have affected these offices within the past decade. (e.s.) Section 145.16(1), Florida Statutes, states:
The Legislature declares that the preservation of statewide uniformityof county officials' salaries is essential to the fulfillment of thelegislative intent expressed in this chapter and intends by this section to prevent any laws which would allow officials in individual counties to be excepted from the uniform classification provided in this chapter. (e.s.)
The salary schedules set forth in Chapter 145, Florida Statutes, are based on "a classification of counties according to each county's population, which the Legislature determines to be the most practical basis from which to arrive at an adequate, uniform salary system."[3]
Section 145.071, Florida Statutes, sets forth the salary for the sheriff, stating in part that "[e]ach sheriff shall receive as salary the amount indicated, based on the population of his or her county. In addition, a compensation shall be made for population increments over the minimum for each group, which shall be determined by multiplying the population in excess of the minimum for the group times the group rate."[4]
The courts have recognized that the authority to set salaries for county officers is vested in the Legislature. In State ex rel. Buford v.Spencer,[5] the Florida Supreme Court held that a legislative enactment which vested in the county commissioners the power and duty to fix the compensation of all county officers who were paid fees was violative of Article III, section 27, Florida Constitution 1885, the precursor to Article II, section 5(c), Florida Constitution 1968. The Court stated:
The provision giving the county commissioners power to fix the salaries of the officers according to the fancy of the board of county commissioners, which may vary in each of the 52 counties of the State, destroys that uniformity which is contemplated by the Constitution requiring the compensation of county officers to be fixed by law. . . .[6]
In light of the above, it appears clear that with the enactment of Chapter 145, Florida Statutes, the Legislature sought to establish a uniform system for the compensation of the officers prescribed therein. To permit a county officer to alter the statutorily prescribed compensation would be contrary to the expressly stated legislative intent for uniformity in enacting Chapter 145 and the provisions of Article II, section 5(c), Florida Constitution, which requires that the salary of county officers be "fixed by law." The Legislature has prescribed the salary for the sheriff as a county officer and the sheriff does not have the authority to alter such compensation. Nothing, however, precludes a sheriff from donating his or her salary, or a portion thereof, to the county once the sheriff has received the statutorily prescribed salary pursuant to section 145.071, Florida Statutes.
Accordingly, I am of the opinion that a sheriff may not voluntarily reduce his salary below that established by Chapter 145, Florida Statutes.
Sincerely,
Bill McCollum Attorney General
BM/tjw
[1] See Grapeland Heights Civic Association v. City of Miami, 267 So. 2d 321, 324 (Fla. 1972) (use of the term "by law" in the Constitution means an enactment of the state Legislature and not by a city commission, county commission, or other political body); Ison v.Zimmerman, 372 So. 2d 431 (Fla. 1979); Broward County v. PlantationImports, Inc., 419 So. 2d 1145 (Fla. 4th DCA 1982); Ops. Att'y Gen. Fla. 87-36 (1987) and 84-51 (1984). And see Art. VIII, s. 1(d), Fla. Const., listing sheriffs as among the constitutional county officers.
[2] Section 145.011(1), Fla. Stat.
[3] Section 145.011(4), Fla. Stat. And see s. 145.131, Fla. Stat., which provides for the repeal of all other local or special laws or general laws of local application enacted prior to July 1, 1969, which relate to compensation of county officials, except laws pertaining to travel expenses of county officers or to payment of extra compensation to the chairs of boards of county commissioners or district school boards, and requires that the compensation of officials whose salary are fixed by Ch. 145 shall be the subject of general law only, except for the compensation of certain school superintendents. The payment of the costs of life, health, accident, hospitalization, or annuity insurance, as authorized in s. 112.08, for county officials and employees, however, is not deemed to be compensation within the purview of the chapter.
[4] Section 145.071(1), Fla. Stat. And see s. 145.071(2), Fla. Stat., providing:
 (a) There shall be an additional $2,000 per year special qualification salary for each sheriff who has met the qualification requirements established by the Department of Law Enforcement. Any sheriff who so qualifies during a calendar year shall receive in that year a pro rata share of the special qualification salary based on the remaining period of the year.
 (b) In order to qualify for the special qualification salary described in paragraph (a), the sheriff must complete the requirements specified in that paragraph within 6 years after first taking office.
 (c) After a sheriff meets the requirements of paragraph (a), in order to remain qualified the sheriff shall thereafter be required to complete each year a course of continuing education as prescribed by the Department of Law Enforcement.
[5] 87 So. 634 (Fla. 1921).
[6] Id. at 636. See also State ex rel. Douglass v. Board of PublicInstruction of Duval County, 123 So. 540 (Fla. 1929), holding unconstitutional a legislative enactment conferring upon the county board of public instruction powers to fix compensation of school attendance officers; Musleh v. Marion County, 200 So.2d 168 (Fla. 1967), to the same effect regarding a legislative enactment authorizing a county commission to determine compensation of an elected county prosecutor. Cf. Ops. Att'y Gen. Fla. 77-88 (1977) and 073-356 (1973) in which this office questioned the validity of a legislative delegation authorizing the fixing of salaries of all county officers by ordinance.